CASE 81—PETITION EQUITY—DECEMBER 15.

# Camp v. Moreman.

84  635
f133  576

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. THE STATUTE OF FRAUDS does not require that a memorandum for the sale of land should express either the amount of the consideration or the time of payment.

2. CASE ADJUDGED.—Vendor and vendee signed a contract for the sale of land, describing the land, and fixing the amount of the consideration, the writing providing, however, that the time of payment should be fixed by the vendee, and one who held a lien on the property. Soon thereafter the vendor and the vendee applied to the lien-holder, who signed a writing, agreeing to take one-third in cash, and the balance in one and two years, with interest, to which all parties assented, and both writings were delivered to the vendee. *Held*—The original writing was sufficient to take the case out of the Statute of Frauds; but, if not, the two writings together are sufficient, as both writings are to be considered as one.

JAMES S. PIRTLE FOR APPELLANT.

1. The contract sought to be enforced in this case is sufficient to satisfy the requirements of the Statute of Frauds, as the Kentucky statute expressly provides that in contracts for the sale of real estate, the consideration need not be expressed in the writing. (General Statutes, chapter 22, section 1; Steadman v. Guthrie, &c., 4 Met., 152; Gully v. Grubbs, 1 J. J. M., 391.)

2. The time of payment having been agreed upon between the vendee and the insurance company, as provided in the original contract, and put in writing, the two writings are to be considered as one; somewhat like the case of an agreement, in writing, to arbitrate, where the finding of the arbitrators becomes the contract of the parties and enforceable. (Brown v. Burkenmezer, 9 Dana, 159.)

C. B. SEYMOUR FOR APPELLEE.

1. While the consideration need not be expressed in the writing, yet if the writing shows that the parties have not come to an agreement as to the consideration, it is not a memorandum of a contract, and can not be enforced. (Waterman on Specific Performance, section 234.)

2. The insurance company was not Camp's agent for the purpose of signing the memorandum, and its signature can not be regarded as his.

3. While there are cases in which a memorandum within the meaning of the statute may be made up of two writings, in such a case the one

which is signed must contain a direct reference to the other, so as in effect to embody in itself the paper referred to. (Waterman on Specific Performance, section 233; Boydell v. Drummond, 11 East, 142.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant Camp, being the owner of a tract of land in the county of Jefferson, sold it to the appellee Moreman, by a written contract signed by both parties, for the sum of $1,550, *the payment to be fixed on such time as the appellee and the Mutual Insurance Company might agree.* This was, in substance, the written agreement, and the insurance company having a lien by mortgage on the land, it was necessary to consult its wishes as to the time of payment. In a day or two after the contract was made, Moreman and Camp applied to the officers of the insurance company, and they signed a writing, agreeing, in substance, to take one-third cash and the balance in one and two years, with interest, to which all the parties assented, and both writings were delivered to the appellee Moreman. The latter refused to comply with the contract, and Camp instituted this action for a specific performance. A demurrer was sustained to the petition on the ground that the contract was within the Statute of Frauds, and the case dismissed.

The chancellor below held: That as the first writing signed by Camp and Moreman did not fix the time of payment, but left it open, it failed to satisfy the statute. 2. That the writing signed alone by the insurance company did not supply the defect, because it could not be connected with the original contract without the aid of parol testimony. That if the writing signed by the insurance company had also been signed by Moreman, it might then be held to be one contract.

We can not concur with the chancellor in the reasons assigned for refusing the relief, or in the conclusion that the contract is within the Statute of Frauds. The statute reads : "No action shall be brought to charge any person * * * upon any contract for the sale of real estate, or any lease thereof for longer term than one year * * * unless the contract, * * * or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent; *but the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence.*"  (General Statutes, chapter 22, section 1.)

Here the terms of the contract, including a description of the land sold, and the price to be paid, and that the Mutual Insurance Company should regulate the time of payment, are fully set forth in the writing. This was a full and complete contract between these parties, and contained all the stipulations by which the one sold and the other purchased.  If the insurance company had refused to give its consent to accept the notes of the appellee, or to fix the time of payment, the contract would have then terminated, not because it was within the Statute of Frauds, but because the party holding the lien declined to accept the notes of Moreman, or to agree with the parties as to when the payments should be made.  Is not the written consent of the company, signed and delivered to Moreman, a part of the original contract, as much so as if the officers of the company had been present and signed the original contract when made?  If the two had been joint owners of the property, instead of one holding

a lien only, and Camp had sold the entire tract, provided the insurance company would consent, and Moreman, on producing the contract between himself and Camp, obtained the signature of the company, giving its assent to the sale, and then took possession of the paper, would not this have made the company a party to the original contract? Here the insurance company had a lien only. The vendor and vendee have agreed on the price, and all that is wanting is the consent of the company as to the time it wants the lien discharged; and this being a part of the original contract, when Moreman applies to the company, and it fixes the time and delivers the writing to Moreman, to which he consents, it becomes at once a part of the original transaction, and could be enforced by the appellee against both Camp and the insurance company. Suppose the contract price had not been embodied in the contract in any way, but the writing evidencing simply a sale of the land by Camp to the appellee. It would then have been competent to allege and prove by the vendor the consideration, and in doing so there would necessarily be involved the time of payment. The statute expressly provides that the consideration need not be expressed in the writing; *it may be proved when necessary, or disproved by parol or other evidence.*

An agreement between parties, by which one sells to the other land, describing it, is a sufficient memorandum, if in writing, to take the case out of the statute, and an averment of the consideration may be made upon a petition for specific performance, and shown by parol.

In the case of Stark v. Wilson, reported in 3 Bibb,

476, the parties, in settling a controversy in regard to land, referred the matter to certain arbitrators, and, the decision affecting necessarily the title as well as the value of the land, found that the arbitrators they named refused to act, and by parol they substituted others. It was held that this did not alter the rights of the parties under the written contract, but only related to, and regulated the manner of, ascertaining the value of the land, and the case was not within the Statute of Frauds. In Ellis v. Bray, 79 Missouri, 227, a memorandum was as follows : "Received of Daniel Ellis the sum of $165, to apply as purchase-money on a half interest in the following lands" (describing them). It was held competent to show by parol what was the full amount of the consideration and when payable.

In this case there were two writings ; the first between the vendor and the vendee ; the second from the lienholder entitled to the money, who, by the terms of the original agreement, was to fix the time of payment. It did so, and both writings were accepted, and are binding on the parties.

We are aware that cases may be found under the English statute, and in some of the States where the Statute of Frauds is similar to ours, holding a contrary rule ; but the rigid and strict construction of its language has never been followed by this court, the object of the statute being accomplished when the land sold. is sufficiently described in the written agreement to enable the chancellor to decree the conveyance without resorting to parol evidence for that purpose; and there are exceptions even to this rule. The language used by some of the writers on this subject, and that may be

Camp v. Moreman.

found also in the opinions of this court, to the effect that the entire contract must be set forth so as to enable the court to enforce its terms without parol proof to aid him, is not the correct rule. A bond for title signed by the party to be charged may be specifically enforced where the thing sold has been described with sufficient certainty to enable the chancellor to know what particular land has been sold; for if this is not required, then the purposes for which the statute was enacted, viz: to prevent the fee-simple title to land from passing by mere parol, to be established by what persons have heard in the neighborhood, or by those whose recollections are to be refreshed as to the land sold, the character of title to be made would prove ineffectual. The title and right of such property would be always insecure if dependent upon the memory of those professing to have a knowledge of the contract, as in case of chattels.

When the writing shows the land sold, the consideration may be established by parol; that is, the amount and when to be paid. In this case, however, both writings are one, and if not, the right of the appellant to enforce the contract upon the facts alleged is manifest.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.