CASE 59.—ACTION BY A. W. CAMPBELL AGAINST JOSEPH
    PREECE.—April 29, 1909.

## Campbell v. Preece

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1.  Frauds, Statute of—Sale of Land—Written Contract—The
    statute of frauds is sufficiently complied with if there is a
    written memorandum of the contract for the sale of land,
    signed by the party to be charged.
2.  Frauds, Statute of—Contemporaneous Memorandum.—A
    memorandum of a contract for the sale of land, sufficient to
    satisfy the statute of frauds, need not be contemporaneous
    with the contract; it being sufficient if it is subsequently
    executed and ratifies the contract.
3.  Frauds, Statute of—Nature and Effect of Statute.—The
    statute of frauds pertains only to the evidence of a contract,
    so that a contract, in the making of which the statute has
    not been complied with, is void only because of the lack of
    legal evidence to establish its existence.
4.  Frauds, Statute of—"Memorandum"—Sufficiency.—A "memo-
    randum," required by the statute of frauds, is such a written
    declaration of the parties to the agreement as will relieve the
    court from relying on parol evidence to ascertain the subject
    of the contract.
5.  Frauds, Statute of—Memorandum—Requisites—Terms of
    Contract.—A memorandum, sufficient to satisfy the statute
    of frauds, need not state the terms of the contract as to the
    consideration which may be proved by parol, even if to do so
    involves contradiction of the memorandum.
6.  Frauds, Statute of—Memorandum—Single Writing.—Two or
    more writings, signed by the party to be charged, and shown
    to refer to the same subject-matter, and describing the sub-
    ject of the contract so that it may be identified, may together
    constitute a sufficient memorandum.
7.  Frauds, Statute of—Sale of Land—Memorandum—Sufficiency.
    —In 1894, plaintiff sold defendant by parol and placed him in
    possession of land described, for $1,000, to be paid for in cut-
    ting and hauling timber from the land for plaintiff. In 1899,
    plaintiff executed a receipt to defendant for $265 as part pay-
    ment "on the land sold him by myself on the Shanty branch,"

Campbell v. Preece.

and in 1900 an instrument was executed, reciting that defendant thereby sold to plaintiff all the merchantable timber now standing on the lands that plaintiff sold to defendant, situated on the Shanty branch, etc., at a specified price, etc. Held, that, the parol contract of sale being admitted, such writings, construed together, constituted a sufficient memorandum to satisfy the statute of frauds.

ROSCOE VANOVER for appellant.

### AUTHORITIES CITED BY APPELLANT.

1. As to Champerty: Geer v. Wintersmith, 9 Ky. Law Rep. 96; Hopkins v. Paxton, 4 Dana. 36; Thacker v. Belcher, 10 Ky. Law Rep. 853; Simon, &c. v. Gouge, 12 B. Mon. 164; Middlesborough Waterworks v. Neal &c., 20 Ky. Law Rep. 1406.

2. As to sufficiency of writings: Section 470 Kentucky Statutes; *Ellis v. Deadman, 4 Bibb 466*; *Kay &c. v. Curd, 6 B. Mon. 100*; *Moayan v. Moayan, 24 Ky. Law Rep. 1650*; Tucker v. Denton, 32 Ky. Law Rep. 522; Voorheis, Miller and Ruple v. Eiting, 15 Ky Law Rep. 162; Overstreet v. Rice, 4 Bush 5; Henderson v. Perkins, 94 Ky. 211; Moore v. Chenault, 16 Ky, Law Rep. 531.

3. As to Part Performance: Hayden v. McIlvain, 4 Bibbs, 59; Usher's Ex'r. v. Flood, 83 Ky. 552.

4. Case relied on by appellee: Camp v. Moorman, 84 Ky. 636.

N. J. AUXIER, P. B. STRATTON and HAZELRIGG AND HAZELRIGG for appellee.

### SUFFICIENCY OF THE WRITING.

1. We invite the court to consider the following authorities: Camp v. Mooreman, 84 Ky. 635; McBrayer v. Cohen, 18 S. W. 123; Sec. 470 Ky. Statutes (Strubbe v. Lewis, 76 S. W. 150); Acree v. Rozell, 108 S. W. 846; Thompson v. Stilts, 96 S. W. 884; Moayan v. Moayan, 72 S. W. 33, 114 Ky. 855; Millers Heirs v. Antle, 2 Bush, page 1; Jones &c. v. Jones, 101 S. W. 980; Cyc. Vol. 20, 270; Ellis v. Bray, 79 Mo. 476; Hyden v. Perkins, 119 Ky. 188.

2. On question of recovery of rents: Robards v. Robards 85 S. W. 718.

3. On question of estoppel: Vol. 16, Cyc. page 801 and 802 and notes; Vol. 16, Cyc. page 720 and notes; Vol. 16, Cyc. page 723 and notes.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

In 1894 appellant sold to appellee by parol contract, and put him in possession of, a tract of land situated ''on the Shanty branch on left fork of Peter creek, in Pike county, Kentucky,'' (and which is par-

ticularly described in the pleadings and judgment in this case), for the agreed price of $1,000, to be paid for by appellee in cutting, hauling, and delivering to appellant the timber from the land at so much per thousand feet. A contract as to some of the timber was not concluded till 1900, when it was reduced to writing, and signed by both parties. It contained this recital: "That the said Preece does hereby sell to the said Campbell all the oak, poplar, ash, cucumber, basswood and any other woods that merchantable timber can be obtained from that is now standing on the lands that said Campbell sold to said Preece situated on the Shanty branch on the left fork of Peter Creek, Pike county, Kentucky, at $1.50 per M. feet where it now stands." The first contract between the parties as to the timber to be cut and delivered in part payment for the land seems to have been in parol. When it was executed, upon a settlement a balance was found due to appellee, which was credited upon the purchase price of the land, as evidenced by the following receipt: "$265. Phelps, Ky., March 31, 1899. Received of Joseph Preece two hundred and sixty-five dollars as part payment on the land sold him by myself on the Shanty branch. A. W. Campbell." A further credit was due upon a settlement of the second timber contract, which has been referred to above. Appellee failed to pay all the purchase money nor was appellant able, until after the commencement of this suit, to convey a good title to the land; nor did he ever offer to convey any title to appellee. This suit was brought recently by appellant against appellee in ejectment, the former electing to treat his parol agreement to convey the land as void, because it was conceived by him to be within the statute of frauds and

perjuries.  Appellee defended, setting up the parol
purchase of the land and the subsequent ratification
thereof in writing, making profert of the two writings
copied above.  He tendered payment of the balance
of the purchase money, and asked a specific execution
of the contract.  The action having been transferred
to equity, the circuit court adjudged that the contract
was enforceable, and that it be specifically executed.
Appellee paid the adjudged balance of the purchase
money into court, which appellant declined to accept,
but prosecutes this appeal from the judgment decree-
ing the performance of the contract.  The question
for decision is the sufficiency of the written memoran-
da of the contract.

The statute of frauds and perjuries, as now in
force in this state, so far as material to this case,
reads (Sec. 470, Ky. St.): "No    action    shall be
brought,  to   charge   any   person   *   *   *   upon
any  contract  for  the  sale  of  real  estate  or
any  lease  thereof  for  a  larger  term  than  one
year,  *  *  *  unless the promise, contract, agree-
ment, representation, assurance, ratification, or some
memorandum or note thereof, be in writing, and
signed by the party to be charged therewith, or by his
authorized agent.  But the consideration need not be
expressed in the writing; it may be proved when nec-
essary, or it may be disproved by parol or other evi-
dence."  It is not necessary to the validity of the
contract that it shall be in writing.  If there be a writ-
ten memorandum of it, signed by the party to be
charged, it is taken out of the statute.  Nor is it nec-
essary that the memorandum be  contemporaneous
with the contract.  If it be executed subsequently, and
ratifies the contract, it is sufficient.  The statute per-

tains to evidence of the contract—not to its validity. While it follows that, if the required evidence of the contract be wanting, its enforcement is denied, and the contract is said to be void, it is void only because of the lack of legal evidence of its existence.

The note or memorandum required by the statute is such written declaration of the parties to the agreement as will relieve the court from relying upon parol evidence to ascertain the subject of the contract. When the subject is established by a sufficient writing, there is then such evidence of the contract upon that score as satisfies the statute; and, if the contract be then established by the proof, it may be enforced. Nor is it necessary that the terms of the contract, in so far as they constitute part of the consideration, be stated in the writing, or, if stated therein, that they be proved as stated. Camp v. Moreman, 84 Ky. 635, 2 S. W. 179, 8 R. 552. The consideration, so the statute allows, may be shown by parol, even if to do so involve a contradiction of the written memorandum. Nor is it necessary that the written memorandum, evidencing the contract or ratifying it, be contained in one writing. If two or more writings, signed by the party to be charged, and shown to be referable to the same sub-ject-matter, describe the property so that it may be identified, it is sufficient. Camp v. Moreman, supra. The parol agreement is not disputed. Both parties agree as to it. Nor is the identity of the property, or the balance owing upon it, in dispute. So the ques-tion comes down to this: Is the subject of the contract sufficiently identified by the writings?

Reading the two writings together, it is noted that appellant states he had theretofore sold appellee certain land on the Shanty branch on the left fork of

Peter creek, in Pike county, Ky. . The location of the land is then established. Its boundary remains alone to be ascertained. The writings speak of the transaction in the past tense. It refers to the land which Campbell had sold to Preece. If it had stated, "the land where Joseph Preece now lives," or the land "where Joseph Preece lived in 1899," it would not be questioned that the description would have been sufficient. Parol evidence is always receivable to identify the land spoken of in the writing, but not to designate it. Thus, in Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035, 14 R. 782, the memorandum ran: "Have this day sold and by these presents sell my home place and storehouse to L. D. Perkins, of Rocky Hill, Barren County, Kentucky, for and in consideration of four thousand dollars," etc. The court said: "We think this is a sufficient memorandum of the contract to take it out of the statute. There was a partial execution of it, and the description of the land, although defective, was sufficiently full for easy identification."

In Overstreet v. Rice, 4 Bush 1, 96 Am. Dec. 279, the memorandum was that the parties had "this day swapped farms." It appears that each had taken possession of the land received in exchange by him. The court, implying that the language of the writing was too uncertain to be enforceable within itself, held that, when the parties by their conduct had rendered the uncertainty sure by taking possession and consummating the mutual exchange, the impediment was removed. That was but another way of identifying what would have been impossible without extraneous aid, owing to the ambiguity of the writing—a course familiar in the construction of contracts whose terms

or descriptions are ambiguous. In Ellis v. Dead-
man's Heirs, 4 Bibb, 466, the writing was "4 Jany.
1808. Received of Jesse Ellis $...., in part pay-
ment for a lot he bought of me in the town of Ver-
sailles, it being the cash part of the purchase of said
lot. Nathan Deadman." The writing was held to
satisfy the statute as to the description of the land.
Kay & Casey v. Curd, 6 B. Mon. 100, Tucker v.
Denton (Ky.) 106 S. W. 280, 15 L. R. A. (N. S.)
289, Usher v. Floyd, 83 Ky. 552, 12 R. 721; Moayan
v. Moayan, 114 Ky. 855, 72 S. W. 33, 60 L. R. A.
415, 102 Am. St. Rep. 303, 24 R. 1641, and Vorheis v.
Eiting (Ky.) 22 S. W. 80, 15 R. 161, are relied
on by appellant. Those cases (except Moayan v.
Moayan) were instances where there was no identi-
fication, or means of identification, afforded by
the writings. If the writing identifies the land,
that, of course, ends the inquiry. If it does not iden-
tify it, but affords means of identification, that is
deemed sufficient. If the means of identification are
other records or writings, it is practically certain.
But if not other writings, as it may not be, it may
nevertheless be a satisfactory means. All that is re-
quired is that it shall be susceptible of certainty. If,
when the means are resorted to, it is still left open
what lands are meant to be conveyed, the description
will be bad. Therefore it is never good to refer to
a future event, as that could not have been certain
when the memorandum was made. But generally a
reference to an existing or past event is good. There
it can be known certainly what was intended; for that
which has transpired is changeless. "The place where
I live" identifies one place only, and is susceptible
of being shown definitely and unerringly. "The

place which I sold to A." is likewise susceptible of identification; and, if I had sold but one place to A., it is as certain as would have been a more particular description. It is from such instances that the maxim has arisen, "That is certain which can be made certain." If the description had read, "beginning at an oak tree on Shanty branch in Pike county," and "then following the marked lines and fences around the tract to the beginning," while it would have been held a sufficient description, it would have required extraneous aid to have located the particular oak that constituted the beginning corner, as well as the fences and lines around the tract. In the Moayan case, supra, it was said, *inter alia*: "It is as essential that the terms be specified as the description of the property." That expression, taken out of its connection, is misleading. The court was there discussing the opinion in Ellis v. Deadman, supra, in which it had been held that the descripton was good, but that the memorandum was deficient in not stating the terms of the contract. We were explaining the ground upon which Deadman's contract had been held insufficient under the statute, as it was. For the statute of frauds and perjuries of 1796, then under consideration (1 Litt. St. 371) did not contain the clause found in our present statute, relative to the consideration.

We find that the description in the memoranda in this case was sufficient to satisfy the statute. Hence, the judgment below is affirmed.