## Chesapeake & Ohio Railway Company v. Herringer.

(Decided March 27, 1914.)

### Appeal from Campbell Circuit Court.

1. Railroads—Agreement To Build Crossing.—An agreement between a land owner and a railroad company by which the railroad company agrees to put in a crossing for him at a point to be agreed upon by the parties, is not void; and if the parties cannot agree upon the location of the crossing, the chancellor will fix the point at which it is to be placed, having due regard for the interest of both the parties.

2. Railroads—Agreement To Build Crossing.—As the railroad company could not build the crossing until the place where it was to be built was fixed, no action lies against it for damages until the location of the crossing is fixed, the failure to agree not being arbitrary or capricious.

GALVIN & GALVIN and W. A. BURKAMP for appellant.

JAMES C. WRIGHT for appellee.

Opinion of the Court by Chief Justice Hobson—
Reversing.

George Herringer is the owner of a farm of 245 acres
extending along the railroad track of the Chesapeake
and Ohio railroad company for a distance of about 3,000
feet. Fifty acres of the land lies between the Ohio River
and the railroad right of way; the remainder of the land
lies to the south of the railroad track and south of the
county road which runs practically parallel with the
railroad through the tract, the county road abutting the
right of way, there being 195 acres of the tract south of
the county road. The fifty acres of the land lying be-
tween the railroad and the river is bottom land ten or
twelve feet below the grade of the railroad which is built
on a fill. The county road is ten or fourteen feet higher
than the railroad tracks, and from the county road the
land slopes upward to the south until it reaches a height
two or three hundred feet higher than the railroad
tracks. In the year 1910, the railroad company double
tracked its road, and in order to do this, it was neces-
sary to make a fill. It made a contract with Herringer
by which it agreed to pay him $3,000 for the additional
privileges it desired. Herringer then had two crossings
over the railroad tracks; one at the eastern side of his
tract and the other about forty rods from his western
line; and as a part of the consideration of the contract,
the railroad company agreed to give him a third cross-
ing over the railroad track. So much of the written con-
tract as is material is in these words:

"This agreement made and entered into this 5th. day
of August, 1910, by and between George Herringer, party
of the first part, and the Chesapeake and Ohio Railway
Company, party of the second part, witnesseth: * * *

"As another consideration for this agreement the
party of the second part agrees to put and keep in good
order the two crossings now over the railway at said
land and to construct a third crossing in accordance with
an easement therefor hereunto granted. Said third cross-
ing to be placed between said other crossings at a point
to be fixed by the party of the first part and Mr. Gilker-
son, as a representative of the party of the second part.
* * *"

On January 22, 1912 Herringer brought this suit
against the railroad company setting out the facts we
have stated and alleging that he had endeavored to have

Gilkerson agree with him as to the point at which the crossing was to be placed; but that he had been unable to have him so agree; that he desired the crossing made at some point near the middle of the farm, but that Gilkerson refused to agree to have the crossing made at any point on the land and that the defendant had not made him any crossing under the agreement and refused to make one for him on the land. He prayed judgment against the railroad company for damages in the sum of $2,999 and costs. The defendant filed an answer traversing the allegations of the petition. The case was heard before a jury who returned a verdict in favor of the plaintiff for $1,960. The railroad company appeals.

A number of questions are made on the appeal, but we find it necessary to consider only one. The facts of the case are these: Herringer wanted the third crossing made at a point designated by him about the middle of the farm. Gilkerson declined to make the crossing at this point on the ground that it was impracticable to put in a crossing there, and offered to put in one at a point 800 feet west of the point indicated by Herringer and Herringer declined to have the crossing made at this point. The parties separated without coming to an agreement. Much evidence was introduced by the plaintiff tending to show that it was practical to put in a crossing at the point he selected. On the other hand there was much evidence on behalf of the defendant tending to show that it was impracticable to put in a crossing at the point selected by Herringer. The proof leaves no doubt in our minds that there was a good faith difference of opinion between the parties as to the proper location of the crossing and that the failure to agree was not capricious or arbitrary. Under the contract neither party had the right alone to fix the point at which the crossing was to be placed. The interest of both the parties should be consulted in determining where the crossing is to be located. Herringer is entitled to have a crossing feasible for use and as conveniently located as is consistent with the rights of the railroad company; but he is not entitled to have a crossing made at a point where the construction of a crossing would entail an unreasonable expense upon the railroad company, or place an unreasonable burden upon it in maintaining the crossing or operating the railroad. When the parties were unable to agree upon a point at which the crossing

was to be located, either could have appealed to the chancellor to locate the crossing. Until the point for the crossing was fixed, the railroad company could not put it in. In this suit the chancellor should determine from all the evidence the proper place for the location of the crossing and give the railroad company a reasonable time to put it in. If the railroad company does not put in the crossing in a reasonable time after its location thus fixed, it will be liable in damages to Herringer; but it is not liable now for not putting in a crossing when it can not put it in until the point at which it is to be located is fixed.

The contract is not void because it is provided that the parties are to agree upon the location of the crossing, and Gilkerson is named as a representative of the company, who is to act for it. The third crossing is a part of the consideration for the things granted by the contract and the railroad company cannot take the privileges granted and withhold the consideration. The substance of the contract is that Herringer is to have the third crossing. Only the location of that crossing is left undetermined. If the parties cannot agree upon an equitable and just location of the crossing, the chancellor must locate it for them. (Slade v. City of Lexington, 141 Ky., 218-221, and cases cited.) On the return of the case to the circuit court, it will be transferred to equity, and the court on the evidence now in the record and such other evidence as either party may offer, will fix the point at which the crossing is to be placed, and give the railroad company a reasonable time to put it in.

Judgment reversed and cause remanded for further proceedings consistent herewith.