# Louisville & Nashville Railroad Company v. Tuttle, et al.

## Same v. Masters.

(Decided February 5, 1924.)

### Appeals from Estill Circuit Court.

1. Trial—Case Held Improperly Transferred to Equity Docket.— Where a railroad company merely obligated itself to construct and maintain a reasonable and convenient grade crossing and promisee sued for damages for breach of contract, whether or not the crossing was reasonable and convenient was a common-law issue of fact, and therefor triable by the jury under proper instructions, and the action was improperly transferred to the equity side of the docket.

2. Railroads—Duty to Construct Approaches to Crossings Under Agreement with Landowner.—Where railroad when laying out right of way agreed with owners of farms to provide reasonable and convenient grade crossings, it was its duty, when it constructed a crossing on other land which it had purchased for that purpose or through a cut or over a fill or at some other place where it was necessary to elevate the tracks above or lower them beneath the natural surface of the ground, to construct such approaches as might be reasonably necessary to enable the landowners to reach the right of way without unnecessary inconvenience.

3. Railroads—Measure of Damages for Breach of Contract to Maintain Grade Crossing.—Where railroad breaches its contract with landowner to construct and maintain a reasonable and convenient grade crossing, landowner in a suit for damages is entitled to compensation for inconvenience up to the time of the trial, and in addition a sum sufficient to construct and maintain the crossing.

4. Railroads—Amendment of Petition for Recovery of Damages for Inconvenience up to the Time of Trial Unnecessary.—In an action for damages for breach of contract to construct and maintain a reasonable and a convenient grade crossing, where there has been no change of condition between the filing of the petition and the time of the trial, an amended petition asserting damages for inconvenience occurring after the filing of the original petition is not necessary.

5. Railroads—Damages for Inconvenience in Failing to Maintain Grade Crossing while Under Federal Control.—In a suit against a railroad for damages for breach of contract to construct and maintain a reasonable and convenient grade crossing, plaintiff was entitled to recover for inconvenience occurring during the period of federal control; the defendant having abundant oppor-

tunity before and after federal control to comply with its contract.

B. D. WARFIELD, HUNT, NORTHCUTT & BUSH, and ROBERT R. FRIEND for appellant.

CHESTER GOURLEY, CLARENCE MILLER, MILLER & SCOTT, and VIRGIL CHAPMAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in each case.

These two cases involve similar questions and will be considered in one opinion. Each is a suit for damages for breach of a contract to construct and maintain a reasonable and convenient grade crossing. There was a judgment for $1,600.00 in the Tuttle suit and for $300.00 in the Masters suit.

(1) Mrs. Tuttle is one of the Wiseman heirs. In purchasing the right of way through their farm, the railroad obligated itself in case of a partition to construct and maintain a reasonable and convenient grade crossing. It is conceded that that portion of the original tract laid off to Mrs. Tuttle did not contain a crossing, and that the obligation to provide her with a reasonable and convenient grade crossing became operative. It appears that in building the road through that part of the farm laid off to Mrs. Tuttle, it became necessary to construct a cut for most of the distance, which rendered it impracticable to construct a grade crossing on the Tuttle land. For the purpose of surmounting this obstacle, the railroad company acquired from one of the other Wiseman heirs a small tract of land adjoining Mrs. Tuttle's tract, and constructed a grade crossing thereon. At that time there was an old roadway leading from the Winchester road and across the land. When the crossing was first constructed, the Tuttles attempted to use it by climbing up a steep point on a 29 per cent grade, rather than go over the fill down into the hollow, the only other direction that could be taken after crossing the railroad track. They found, however, that a team could not pull the point, and they then tried going over the embankment into a hollow fifteen feet below the level of the railroad track. This could not be done without great inconvenience, as the hollow was soft and miry, and was impassable during the winter. There was further evidence that the crossing was not wide enough, and it was practically

impossible to use it without suitable approaches. J. W. Tuttle testified that the approach on the east side would have to be 975 feet long, while the company's engineer stated that the approach would have to be about 1,200 feet long in order to reach the old road.

When the Tuttle suit was filed, the railroad company had the case transferred to equity for the purpose of having the chancellor determine whether or not the crossing was reasonably and conveniently located, and thereafter the case was transferred to the common law docket for the purpose of trying the issue of damages.

After instructing the jury that the crossing was reasonably and conveniently located, the court authorized the jury, in case they found that the crossing was not reasonable and convenient, to find in damages the reasonable cost of making the crossing reasonable and convenient, including the cost of such approaches as were reasonably necessary for that purpose, and such further sum as would compensate plaintiffs for the inconvenience of doing without a reasonable and convenient grade crossing up to the time of the trial.

In the Masters case there was a similar contract to construct and maintain a reasonable and convenient road crossing. It appears that the crossing constructed by the railroad ends at a soft marshy place at a spring under the gate on the west side of the right of way. There was formerly an old road leading along the top of the bank of the creek near the southern end of the farm, which was on land that drained both ways, and this road could be used in the fall and winter seasons for hauling farm products from the bottom land next to the Kentucky river. The crossing in question was constructed about 225 feet north of the old road, and from the point where the crossing strikes the right of way to the old roadway on top of the bank near the creek the soil is so miry and wet that it cannot be hauled over without constructing an approach by throwing up the earth sufficiently high to allow drainage. Appellant did not construct this approach, and the only way by which Masters could get from one part of his farm to the other was to use the old roadway to the east side of the right of way, then go up the side of the railroad track to the crossing, thence across the track back up the inside of the railroad right of way to the old farm road near the creek bank.

This route was attended by inconvenience and danger. There was also evidence that.the crossing inside of the right of way was not reasonable and convenient. This case was also transferred to equity for the purpose of having the court determine whether the grade crossing was reasonably and conveniently located. Thereafter it was transferred to the common law docket for the purpose of trying the issue of damages.

After setting out the company's duty under the contract and instructing the jury that the grade crossing was reasonably and conveniently located, the court instructed the jury that, if they believed from the evidence, that in order for plaintiff to have a reasonable and convenient crossing, it was necessary for him to have a roadway from the present grade crossing to the old road over plaintiff's farm, they should find the reasonable cost of building such roadway, and such further sum as would reasonably compensate plaintiff for the inconvenience of doing without such roadway up to the time of the trial.

It is first insisted that the court erred in transferring the case to the ordinary docket more than three years after it had been transferred to the equity side of the docket. The case was never properly on the equity side of the docket. The transfer was based on C. & O. Ry. Co. v. Herringer, 158 Ky. 267, 164 S. W. 948. That was a case where the railroad company contracted to put in a crossing at a point to be agreed upon by it and the landowner, and it was held that if the parties could not agree, the chancellor might agree for them and fix the location. Under the contracts in question the location was not to be fixed by agreement of the parties. The railroad company merely obligated itself to construct and maintain a reasonable and convenient grade crossing. When these actions were brought, the crossings had already been built. Whether or not the crossings were reasonable and convenient was a common law issue of fact, and therefore triable by the jury under proper instructions. This view of the character of the action also disposes of the contention that the court, after ruling that the crossings were reasonably and conveniently located, erred in submitting to the jury the question whether the crossings were of reasonable and convenient width.

The principal question presented is whether the court erred in authorizing the jury to find damages for the company's failure to provide reasonable and convenient approaches to the crossing. The argument is

that a railroad company is not responsible for the hills
and hollows, and that it discharges its full obligation
when it constructs a grade crossing for the entire width
of its right of way.   Doubtless this position is sound
where the railroad, in constructing its line, does not
change the natural condition of the land.   But when it
constructs a crossing on other land which it has pur-
chased for that purpose, or through a cut, or over a fill,
or at some other place where it was necessary to elevate
the tracks above or lower them beneath the natural sur-
face of the ground so as to make it impossible or imprac-
ticable and inconvenient, to reach the crossing without
approaches, then it is the duty of the company, under its
contract, to construct such approaches as may be reason-
ably necessary to enable the landowner to reach the com-
pany's right of way without unnecessary inconvenience.
We also conclude that where there is an established road
leading from one part of the farm to the other, and it is
practicable to construct the grade crossing at the place
where the road crosses the tracks, and the company, for
its own convenience, selects some other place, it is like-
wise under the duty of connecting the crossing with the
old roadway by a reasonable and convenient approach.
Were the rule otherwise, the company might construct a
crossing at a place where it could never be reached by
the landowner except at great and unnecessary expense.
In our opinion, the facts of each case bring it within one
or the other of the above rules, and we find no substantial
error in the instructions on the measure of damages.

A further contention is that the court erred in
authorizing damages for the inconvenience of doing with-
out a reasonable and convenient grade crossing up to the
time of the trial, first, because no amended petition was
filed, and, second, because there was included the period
of federal control, during which the company was with-
out power to make the crossing reasonable and con-
venient.   The law proceeds on the theory that the only
way to make the landowner whole is to compensate him
for the inconvenience up to the time of the trial, and then
give him a sum sufficient to construct and maintain the
crossing (Cincinnati Southern Ry. Co. v. Hudson, 88 Ky.
480, 11 S. W. 509; Big Sandy R. Co. v. Rice's Admr., 146
Ky. 619, 143 S. W. 46), and where, as in the cases under
consideration, there has been no change of conditions be-
tween the filing of the petition and the time of the trial,

an amended petition asserting damages for inconvenience occurring after the filing of the original petition has never been regarded as necessary. Nor do we think the inclusion of the inconvenience occurring during the period of federal control was error. These are not cases where it is sought to hold a railroad liable for a failure to perform a duty which could only be performed during the period of federal control, and which it then had no power to perform. Not only were the contracts executed several years before federal control, but each of the crossings which the jury held were not reasonable and convenient was constructed many months before that time. During all this time the company had abundant opportunity to comply with its contract, and it will not be heard to say that it was not responsible for the inconvenience occuring during federal control, when, if it had acted with any degree of promptness, no such inconvenience would have resulted.

On the whole we find no error in the record of either case prejudicial to the substantial rights of appellant.

In the case of Louisville & Nashville Railroad Co. v. John W. Tuttle, etc., the judgment is affirmed, and in the case of Louisville & Nashville Railroad Co. v. R. W. Masters the appeal is granted and judgment affirmed.