## Janin, Trustee v. Herron.

(Decided December 12, 1924.)

### Appeal from Edmonson Circuit Court.

1. Contracts—Instruction Held Erroneous as Authorizing Recovery, Irrespective of Who Breached Contract.—In action for breach of contract, whereby plaintiff was employed to cut timber, instruction which permitted recovery if defendant had made contract, irrespective of who had breached it, held erroneous.

2. Trusts—Submission of Issue of Trustee's Authority to Contract, Without Statement of what would Constitute Authority, Held Error.—Submission of issue, whether trustee had authority to make contract without statement as to what would constitute such authority, held error.

3. Damages—Measure of Damages for Breach of Contract to Cut Timber is Net Profit which would have Been Realized.—Measure of damages for breach of contract, by which plaintiff was employed to cut timber, is net profit he would have realized; that is, difference between reasonable cost of performance and contract price.

LOGAN & McCOMBS, B. M. VINCENT, M. M. LOGAN and MILTON CLARK for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee, Herron, commenced this action in the Edmonson circuit court against appellant, Janin, trustee, alleging that as trustee of the Mammoth Cave estate, embracing a large boundary of land, some of it timber-bearing, appellant entered into a contract with him whereby he engaged appellee to cut and saw a certain boundary of timber covering about 75 acres into crossties at 20 cents per tie, and seventy-five (75c) cents per 100 feet for all boards cut from the logs while reducing them to ties, which contract appellant breached by refusing to allow appellee to carry it out, whereby appellee was damaged in the sum of $1,500.00. All the averments of the petition were traversed by the answer, it being asserted by Janin, trustee, that he had not

entered into a contract with Herron whereby he employed him to cut ties or make lumber. A trial resulted in a verdict in favor of Herron for the sum of $500.00, and Janin, trustee, appeals.

The evidence is conflicting. It is doubtful under the state of the record whether appellee Herron was entitled to have his case submitted to a jury.

The court, in instructing the jury, committed grevious error against appellant in its first instruction, wherein it said:

"If the jury believe from the evidence that plaintiff entered into a contract with Clell Lee, as agent of A. C. Janin, trustee, of the Mammoth Cave estate, whereby plaintiff was to saw the tie lumber into ties on the boundary of land claimed by plaintiff, and shall further believe from the evidence that said Janin thereafter acquiesced and agreed with plaintiff that said contract should be carried out and said ties sawed into ties as mentioned above, and that said Janin agreed to said contract, then the law is for plaintiff and the jury should so find, and unless they so believe they will find for defendant."

It will be observed that the court directed the jury to find and return a verdict for appellee, Herron, if it believed from the evidence that Janin, trustee, entered into the contract irrespective of who breached the contract after it was made. The burden was on plaintiff Herren to show the existence of the contract, its terms, and that the defendant, Janin, breached it by declining to allow Herron to carry it out by manufacturing the ties and lumber. Although the contract may have been made as contended by Herron, yet, if it was breached by Herron, or for any reason Herron failed to carry it out through no fault of Janin, then the latter is not liable. This phase of the case was not submitted to the jury and this was error prejudicial to the rights of appellant.

The court should not have submitted to the jury the question of whether "Janin was authorized to enter into or agree to said contract," without telling the jury what would have constituted authority in Janin to make such a contract.

The measure of damages to which appellee Herron was entitled, if any, was the net profit he would have realized from the contract by manufacturing the ties at twenty cents (20c) per stick, and the lumber at seventy-

five (75c) cents per 100 feet, which, of course, is the difference between the reasonable cost of manufacturing the ties and lumber and the price at twenty cents (20c) per tie and seventy-five (75c) cents per 100 feet for the lumber, if any difference there was. Upon another trial the court will conform its instructions to these suggestions.

For the errors named the judgment is reversed for proceedings consistent herewith.

Judgment reversed.