## Wilson-Biggs Company v. Wicker.

(Decided February 8, 1927.)

### Appeal from Carter Circuit Court.

1. Logs and Logging—Evidence, in Action for Breach of Contract for Cutting and Hauling Lumber, Held Sufficient to go to Jury, and Sustain Verdict for Plaintiff.—Evidence held sufficient to take case to jury, and sustain verdict for plaintiff, in action for breach of contract for him to cut, log, and haul lumber to defendant's mill sites.

2. Logs and Loggings—$1,000.00 for Breach of Contract for Cutting and Hauling Lumber at $10.00 per Thousand Feet, when 200,000 Feet Remained Standing and 70,000 Feet of Cut Timber Unhauled, Held Not Excessive.—Verdict for $1,000.00 damages for wrongful termination of contract for plaintiff to cut, log, and haul lumber at $10.00 per thousand feet, held not excessive, in view of plaintiff's testimony that he would have cut and hauled remaining 200,000 feet of standing timber and hauled 70,000 feet of timber already cut at cost of $5.00 per thousand feet.

3. Logs and Logging—Admitting Evidence of Amount of Timber on Land, Without Limiting Estimate to Size Covered by Cutting and Hauling Contract, Held Not Error, in Contractor's Action for Breach.—In action for breach of contract for plaintiff to cut, log,

and haul lumber, admission of testimony as to amount of timber on land, without limiting estimate to size covered by contract, held not error; such testimony not being misleading, and question confined to timber of such size being only one objected to.

4. Logs and Logging—Omission from Contract of Provision for Hauling Timber from Certain Land by Mistake Held Not Shown, so as to Justify Rescission for Failure to Haul from Such Tract.— In action for breach of contract for plaintiff to cut, log, and haul lumber from certain land, evidence held not to show that provision for hauling timber from another tract was omitted from contract by mistake, so as to justify defendant in terminating contract when plaintiff refused to haul timber from such tract.

5. Logs and Logging—Submission of Question Whether Lumber Hauling Contractor Could Have Obtained Other Employment After Breach of Contract Held Properly Refused.—Contract to cut, log, and haul lumber not being one for personal service, court properly refused to submit question, in contractor's action for breach thereof, as affecting measure of damages, whether plaintiff could have obtained other employment.

6. Logs and Logging—Measure of Damages for Breach of Contract for Cutting and Hauling Lumber is Difference Between Contract Price and Cost of Performance.—Measure of damages for breach of contract for plaintiff to cut, log, and haul lumber is the difference between the contract price and the cost of performing the contract.

7. Logs and Logging—Contractor Can Recover Profits Lost by Denial of Opportunity to Complete Contract to Cut and Haul Lumber.— One contracting to cut, log, and haul lumber held entitled to recover, as damages for breach of contract, the profits he would have made if he had not been denied an opportunity to complete contract.

JOHN M. THEOBALD for appellants.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On July 17, 1920, appellants made a contract with appellee whereby appellee agreed to cut, log and haul certain lumber situated on Kinney branch and Rock Lick branch and embraced in the boundary of timber bought by appellants from Mrs. Harriett Gregory Barney on the waters of Tygarts creek in Carter county. The timber was to be hauled to the mill sites mentioned in the contract and appellee was to cut the timber as ordered by the appellants and according to the specifications delivered to him by appellants. Appellee agreed to carry out the contract in a good and workmanlike manner and

to cause no unnecessary delay. If he failed to do so the appellants had the right to put other persons to work to carry out the contract. Appellants were to pay appellee $10.00 per thousand feet board measure for the timber so delivered, the measurement to be made at the mill after the timber had been sawed into lumber.

Appellee entered upon the performance of his duties under the contract, and it is admitted by all parties that he faithfully performed his part of the contract until the disagreement arose between the parties which resulted in the termination of the contract. Appellee had cut and delivered 130,000 feet according to his testimony and 121,000 feet according to the testimony of appellants. He was paid for all that was delivered. In addition to that which was delivered he had cut about 70,000 feet which was left in the woods, and while appellants admit that some logs were left in the woods they do not undertake to show the number of feet which was cut and unhauled except to a very limited extent.

The difficulty came up over the terms of the contract. Appellee was ordered by appellants to cut and haul the timber on Elk Lick. This appellee refused to do after examining the contract because it was not included in the contract. He continued to cut and haul the timber as long as he had any place to yard it at the mill, and finally the milling operation ceased and he could not complete his contract.

On the 20th day of May, 1921, appellee instituted his action against the appellants, in which he set up his contract and alleged its breach by the appellants. He sought to recover $5,000.00 by reason of the alleged breach of the contract. Appellants denied the breach of the contract and attempted to plead affirmatively that appellee had breached the contract in not logging the timber in accordance with the terms set out in the contract. The case was continued for one reason or another until the January term, 1926, of the Carter circuit court, when it was tried and resulted in a verdict in favor of appellee for $1,000.00. Before the case was finally tried the appellants interposed the plea that by the terms of the contract entered into by them with appellee that appellee was to cut and haul the timber from Elk Lick and that this provision of the contract was left out of the written agreement by mutual mistake.

Appellants complain and say that the evidence was not sufficient to entitle appellee to have his case submitted to the jury. The basis of this complaint is not easily discernible and we fail to discern it at all. The proof is clear and convincing as it relates to the ability and readiness of appellee to carry out his contract. He performed his contract as far as he was allowed to do so by appellants. He shows that he could get the timber cut and sawed into logs for $2.00 per thousand feet and that he could haul it for $3.00 per thousand feet, and he further shows that there was left standing of the timber which he was to cut and haul as much as 200,000 feet and that 70,000 feet, for the cutting of which he had already paid, was left in the woods. There is not the slightest ground for the contention made by appellants that they should have been given a verdict at the hands of the jury by direction of the court, and neither is there any ground for the contention that the verdict is not sustained by sufficient evidence or that it is contrary to law.

It is urged by appellants that the damages are excessive. The brief statement we have made of the evidence shows that the jury could have returned a verdict for considerably more than $1,000.00 without being subjected to the criticism that the damages were excessive. There is very little evidence offered showing the cost of carrying out the terms of the contract. Appellee testified that he was complying with the terms of the contract and would have continued to do likewise at a cost of $5.00 per thousand feet, leaving him a net profit of $5.00 per thousand feet. It is true that appellants prove by their superintendent that he could not get anyone to cut and haul the timber for less than $10.00 per thousand feet, but we do not regard that proof as of importance. It is not to be presumed that anyone would have taken the contract without the reasonable expectation of making a profit. It is true that appellee testified that the work of his teams was worth $10.00 per day, but he confines that to the work on that particular job. The verdict is not excessive.

It is urged that the court committed error in allowing witnesses to testify as to the amount of the timber on the land in question without limiting the estimate to timber covered by the contract, that is, 15 inches and over at the butt. The whole lawsuit was over the timber mentioned in the contract, and we do not believe that the jury was at all misled by the statement of the witnesses as to

the quantity of timber left on the land. Moreover, we find no objections to any such evidence except in one instance, and there the question as to the quantity of merchantable timber left on the land was confined to timber 15 inches and over at the butt.

The defense of appellants was based very largely upon the idea that the Elk Lick timber was omitted from the contract and that they had the right to terminate the contract when appellee refused to haul the timber from Elk Lick. There is not sufficient proof, in fact very little proof at all, to show that the provision that appellee was to haul the Elk Lick timber was omitted from the contract by mistake. It appears that the superintendent for appellants had a talk with appellee and afterwards reported his conversation about the contract to appellants. Appellants then communicated with their attorneys and left instructions for them to prepare a contract. The contract was prepared and it contained no such provision. The evidence tends to show that appellee could not read the contract, but when he was directed to haul the Elk Lick timber he said at once that he had never agreed to do so. He did not have the contract but located a copy of it, and the contract bore him out in his belief that he had never agreed to haul the Elk Lick timber. The defense that there was a mistake in the contract was not made until April, 1924, which was nearly three years after the suit was brought. This amended answer alleges that appellants did not discover that the Elk Lick timber was omitted from the contract until the day the amended answer was filed. Three years before this answer was filed the question arose as to whether the Elk Lick timber was embraced in the contract and it was fully discussed and the contract obtained and read for the purpose of determining that point. Although the amended answer alleges that the contract was not filed with the petition and had not been in the papers we find that this was also error, as the contract was filed with the petition on May 20, 1921. This contention about there being a mistake in the contract is without merit and the jury so found.

The remaining complaint is about the instructions. The instructions clearly present the law of the case, and they are free from just criticism. This was not a contract for personal service and, therefore, the court should not have submitted to the jury any question as to whether

appellee could have obtained other employment. In such case the measure of damages is the difference between the contract price and the cost of performing the contract. The court did not depart from that rule in the case of Janin v. Herron, 206 Ky. 171, when it said that the measure of damages was the difference between the reasonable cost of performing the contract and the contract price. Certainly the plaintiff in this case was entitled to make all the profit he could out of his contract, and the court did not make any mistake in allowing him to recover the profits which he would have made if he had not been denied an opportunity to complete his contract. Horn v. Carroll, 80 S. W. 518, 90 S. W. 559; Stearns Lumber Co. v. Inman, 154 Ky. 251; Harness v. Ky. Fluor Spar Co., 149 Ky. 65; Beckett v. Kinner, 167 Ky. 335; Baker v. Morris, 168 Ky. 168; Bond v. Patrick, 195 Ky. 37; R. Burleigh & Sons v. Overton, 173 Ky. 70.

Finding no error in the proceedings in the lower court we have reached the conclusion that appellants have no just reason to complain of the verdict.

Judgment affirmed.