Harry KOPLIN, Appellant,

v.

Monroe FAULKNER, Appellee.

Court of Appeals of Kentucky.

June 15, 1956.

Rehearing Denied Sept. 28, 1956.

Edward Jackson, Beattyville, John Cox, Stanton, Shumate & Shumate, Irvine, for appellant.

Strange & Pendleton, Stanton, for appellee.

CAMMACK, Judge.

This action was instituted by Monroe Faulkner against Harry Koplin to recover damages for breach of an alleged well-drilling contract. The appeal is from a judgment of $6,000 in favor of Faulkner.

In September of 1952, the parties entered into an agreement whereby the appellee was to drill 20,000 feet of hole for $1.75 per foot in what is generally known as the "Big Sinking Field," an oil field in Lee, Wolfe, and Powell Counties. This agreement is confirmed by letters to the appellee *signed* by the appellant. Under the agreement the appellant was to "have roads in shape" and furnish equipment to move the drilling rig from location to location and payments were to be made weekly or semi-monthly, covering the footage of

holes that had been drilled. Faulkner was to contact a Mr. Bush, an agent of Koplin, to find out where to move the rigs. There is a conflict in the testimony as to whether the appellee contacted Bush in September of 1952, or in the following spring. When the appellee did contact Bush, he was told that contracts had been made with other drilling concerns and that he was not needed.

The appellant seeks a reversal on the following grounds, some of which appear to us to be inconsistent: (1) The contract was for personal services and the appellee was therefore required to plead and prove diligence in seeking other similar employment to minimize damages; (2) the appellee's evidence showed that he made more during the period of contemplated performance than he would have made had he performed the contract; (3) the alleged contract was too indefinite to constitute a drilling contract; (4) the contract was terminable at will; (5) the contract was unenforcible because it came within the Statute of Frauds; and (6) the appellee, by his failure to contact the agent (Bush) of the appellant within a reasonable time, abandoned the contract. The appellee urges that (1) the contract was not one for personal services and therefore it was not necessary to plead or prove diligence to minimize damages; (2) what he made from other drilling contracts was immaterial; (3) the agreement was sufficiently definite; (4) the allegation that the contract was terminable at will has no merit; and (5) the Statute of Frauds can not be relied upon unless pleaded specially.

The appellant contends that the trial court erred in overruling the motion to dismiss the complaint on the ground that the appellee failed to allege diligence in seeking other similar employment in order to minimize the damages resulting from the alleged breach of the contract. As we see it, there is no merit in this contention. The appellee could have done the work himself, or he could have employed others for that purpose. There was no relationship of master and servant or principal and agent.

The contract was an ordinary contract rather than one calling for personal services. It was unnecessary, therefore, to allege or show diligence in seeking other employment in order to minimize damages. The distinction between ordinary contracts and those calling for personal services has been pointed out frequently. Black Mountain Corporation v. Parsons, 277 Ky. 486, 126 S.W.2d 874; Burleigh & Sons v. Overton, 173 Ky. 70, 190 S.W. 472; Beckette v. Kinner, 167 Ky. 335, 180 S.W. 530; Harness v. Kentucky Fluor Spar Co., 149 Ky. 65, 147 S.W. 934.

The measure of damages under an ordinary contract, where the defendant has prevented the plaintiff from performing any part thereof, is the net profit which would have been made; that is, the difference between the contract price and the reasonable cost of performance. Wilson-Biggs Co. v. Wicker, 218 Ky. 158, 291 S.W. 10; Janin v. Herron, 206 Ky. 171, 266 S.W. 1058. The profit the appellee actually made from other work during the contemplated contract period is relevant only to the extent it reflects the reasonable costs and resulting net profits. Once the net profit on the contract in question has been determined it would be error to consider profits from other contracts to mitigate the damages. Therefore, the trial judge did not err in overruling the motion for a directed verdict on this ground.

The appellant further contends that the contract was void and unenforcible for uncertainty. The contract recited the number of feet to be drilled and the price per foot. It provided that this price should include the setting of surface pipe and the giving of a clean straight hole to the cap rock. It provided further that the appellant was to maintain roads in such condition that the appellee could move from location to location and also to furnish equipment to make the moves. In addition, payments for completed work were to have been made weekly or semi-monthly. We are of the opinion that there was no lack of certainty sufficient to defeat a claim for damages for the breach of the contract. It is true

**470**

that no mention was made in the writings of a time to begin the drilling, but, where no time for performance has been set, it will be presumed that performance is to begin within a reasonable time. It is true also that the *exact* locations of the drilling were not designated; however, it was provided that the agent of the appellant would supply this information. Obviously, the appellant reserved the right to designate the exact locations and therefore no lack of certainty existed upon this point. Even if it had been necessary for the parties to agree as to the exact locations, it would not have rendered the contract void. Chesapeake & Ohio R. Co. v. Herringer, 158 Ky. 267, 164 S.W. 948.

■ Next is the contention that the contract was terminable at will. It is urged that no time was designated for its completion, and therefore no breach occurred. The contract provided expressly that 20,-000 feet of drilling was to be done. This called for a particular amount of work. Where entire performance is required by the terms of the contract, the contract is not terminable at the will of either party, even though the time in which the work is to be completed is not designated. Beckette v. Kinner, 167 Ky. 335, 180 S.W. 530.

■■ The letters signed by the appellant are sufficient memoranda to satisfy the Statute of Frauds, KRS 371.010. A memorandum signed by the party to be charged is sufficient if it relieves the court of the necessity of relying upon parol evidence to establish the existence of the contract. Benjamin v. Dinwiddie, 226 Ky. 106, 10 S.W.2d 620; Campbell v. Preece, 133 Ky. 572, 118 S.W. 373. It is unnecessary, therefore, to determine whether the work could have been performed within one year. In addition, it is unnecessary to determine the effect of CR 8.03 on the holdings in Kirby v. Scroggins, Ky., 246 S.W. 2d 453, wherein it was said that an answer which denies the existence of an oral contract need not contain an affirmative plea of the Statute of Frauds.

■ Lastly, it is contended that the appellee, in failing to contact the agent of the appellant within a reasonable time, abandoned the contract and therefore the subsequent actions on the part of the appellant did not constitute a breach. There is a conflict in the testimony as to when the appellee did contact the appellant's agent, Bush, whether in the fall of 1952 or the following spring. There was sufficient evidence upon this point to take the case to the jury, and we are not disposed to disturb its finding for the appellee.

The judgment is affirmed.