## Stearns Lumber Company v. Inman.

(Decided June 4, 1913.)

### Appeal from Whitley Circuit Court.

1. Contracts—Measure of Damages—Instruction—Failure to Give.— Error.—In an action for damages for breach of a contract, an instruction that gives the jury no guide by which to determine the amount of damages is erroneous.
2. Contracts—Measure of Damages.—Where plaintiff contracted with the defendant to cut and haul timber at certain agreed prices, and the defendant refused to permit plaintiff to carry out his contract, the measure of damages is the difference between the contract price and what it would have cost plaintiff to complete the work according to the contract.
3. Contracts—Personal Services—Other Employment.—A contract to cut and haul timber at certain agreed prices is not a contract for personal services and the failure of the plaintiff, upon the breach thereof by defendant, to use due diligence to secure other employment in no way affects his right to recover.

SHARP, GATLIFF & SMITH for appellant.

R. S. ROSE and R. L. POPE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On October 19, 1908, plaintiff, Frank Inman, entered into a written contract with the defendant, Stearns Lumber Company, by the terms of which plaintiff was to haul and log about a million feet of timber to the Kentucky & Tennessee Railroad side track for the defendant. He was to be paid different prices, according to the length and size of the timber, the prices ranging from $5.25 to $7.50 per one thousand feet. The contract also

provided that Inman was to deliver not less than 60,000 feet per month. There was a further provision to the effect that Inman was to be paid $1.00 per thousand feet when the timber was delivered and the contract completed. The amounts due on this account are called the "retain."

Plaintiff, alleging that he was unlawfully discharged and prevented from carrying out the contract, brought this action against the defendant to recover the retain, amounting to $450, and damages for breach of the contract. The jury returned a verdict in his favor for $450 retain, and $150 damages. From that judgment the defendant appeals. It appears that certain modifications were made in the written contract from time to time. According to plaintiff's evidence, the provision requiring the delivery of not less than 60,000 feet was waived, and a smaller amount was subsequently agreed on by the parties. Plaintiff began work in October, 1908, and worked under the contract alone until October, 1909. At that time he took Pleas Henkel in with him on the contract. The company agreed to the arrangement and advanced money for the purchase of a team. It is shown that more than a dozen scales or months of work were credited to Inman alone, while only two scales were credited to Henkel and Inman. When Henkel was taken in on the contract plaintiff agreed to give him half they made and half the retain. After they worked for a short while under this arrangement plaintiff claims he was discharged. According to plaintiff's evidence, he had delivered 450,000 feet, while defendant claims that the timber delivered was much less than that. Defendant's witnesses also testified that plaintiff voluntarily quit the contract, and was not notified of his discharge until he had quit. Henkel confirms plaintiff as to his discharge, and says that he was paid a part of the retain, but not all that was due him. The contract covered about a million feet of lumber.

One of the complaints of defendant is that Henkel, who is shown to be a partner, was not a party to the action. It is therefore insisted that plaintiff sued on an individual contract and proved a partnership contract. On that account it is argued that there was a complete variance between the pleadings and the proof, and that the court erred in failing to direct a verdict in favor of the defendant. As the case must be reversed for other reasons, we deem it unnecessary to pass on this

phase of the case. There is some evidence tending to show that Henkel was to have half of the whole retain, including the retain on the lumber previously delivered by plaintiff. If that is true, manifestly plaintiff is not entitled to recover all the retain himself. For this reason plaintiff, on the return of the case, will make Henkel either party plaintiff or defendant, so that the rights of all the parties may be properly determined.

Instruction No. 1 authorized a verdict in favor of the plaintiff for the amount of the retain, not exceeding $450, in the event that plaintiff was ready, able and willing to carry out the contract, and the defendant wrongfully discharged him or refused to allow him to carry out the contract.

Instruction No. 3 is as follows:

"If you believe from the evidence that the plaintiff Inman, while engaged, in good faith, in carrying out and performing his part of the contract mentioned in the evidence, was discharged or prevented by the defendant company from carrying out and completing said contract, and that the plaintiff Inman thereby lost profits on said logging job and was unable after using due diligence, to secure employment of like character for himself, then you should find for the plaintiff Inman such a sum as you may believe from the evidence will fairly and reasonably compensate him for the loss of said contract with the defendant company, if anything, not to exceed the sum of $500.50, but your finding upon the whole case cannot exceed the sum of $1,000, the amount claimed in the petition. Unless you so believe your finding must be for the defendant company."

This instruction is erroneous because it gives the jury no guide by which to determine the amount of damages. Lexington Railway Co. v. Herring, 29 Ky. L. R., 794, 96 S. W., 558; Board of Park Commissioners v. Donahue, 140 Ky., 504.

In the case like this the measure of damages is the difference between the contract price and what it would cost the plaintiff to complete the work according to the contract. 9 Cyc., 783; Horn v. Carroll, 80 S. W., 518; Williams, Kohler & Barrier v. Yates, 113 S. W., 503. The instruction is also erroneous in another particular, though in this respect the error is in favor of the defendant. The contract sued on was not a contract for personal services; therefore, the failure of plaintiff to use due diligence to secure other employment could in

no way affect his right to recover for a breach of the contract. Harris, et al. v. Ky. Fluorspar Co., 149 Ky., 65. This phase of the case should therefore be eliminated from the instructions.

On the return of the case and the making of Henkel a party, the parties will be permitted to amend their pleadings. As the facts now appear, plaintiff is entitled to recover only one-half the damages.

Judgment reversed and cause remanded for new trial consistent with this opinion.