## Langstaff-Orm Manufacturing Company v. Wilford.

### (Decided November 6, 1914.)

### Appeal from Ballard Circuit Court.

1. Instructions—Erroneous—When Not Read Together.—Where one of the instructions is manifestly so erroneous that even when

considered in connection with other instructions it is calculated to mislead the jury and induce a verdict not authorized by law, it can be regarded in no other light than as prejudicial.

2. Appeal—Instruction—Right to Object.—Where a given instruction is not correct when considered alone or in connection with other instructions, a party is not deprived of the right to object by his failure to offer an instruction on that particular phase of the case.

3. Contracts—Cutting and Hauling Timber—Breach—Measure of Damages.—In an action by plaintiff for the breach of a contract for the cutting and hauling of timber, wherein he claimed that after cutting and shipping 22,600 feet of lumber pursuant to contract, defendant refused to allow him to continue, or to pay him the contract price for the part so performed; held, that if the contract was as claimed by plaintiff, and plaintiff complied with his contract in so far as the shipment of 22,600 feet of lumber was concerned then the measure of damages as to that portion of the timber is the contract price less the sum paid thereon by defendant, and if the defendant refused to permit plaintiff to carry out the contract, though plaintiff was ready, willing and able to do so, the measure of damages is the difference between the contract price and the reasonable cost of carrying out the contract, and the jury should be so instructed.

WHEELER & HUGHES and CORBETT & WHITE for appellant.

HENRY F. TURNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Defendant, Langstaff-Orm Manufacturing Company, purchased of one Bradford a quantity of cypress timber. At the same time it contracted with plaintiff, J. L. Wilford, to haul, cut and load the timber on board the cars of the Illinois Central Railroad Company at Crice's Spur, and agreed to pay plaintiff at the rate of $5 a thousand feet. Plaintiff shipped to defendant about 22,600 feet of lumber. Defendant declined to pay plaintiff for the lumber so shipped, and claimed that plaintiff had violated the contract, and refused to permit him to cut and load the remainder of the timber. Plaintiff brought this action to recover damages. From a verdict and judgment in his favor for $700, the defendant appeals.

Plaintiff claims, and he and Bradford, from whom the timber was purchased by defendant, testified that the trees were to be cut into 24 and 26 foot logs, where same could be done, but if not, into shorter logs, and that the timber was to be measured at the small or top

end when so cut. After shipping to defendant 22,600 feet of lumber, defendant, claiming that it had a different contract with plaintiff, sold the remainder of the timber and refused to permit plaintiff to carry out the contract. Defendant's president testified that plaintiff agreed to deliver the trees, after cutting out the hollow butts and pecky tops, whole and entire where it could be done, but if the whole trees could not be delivered then they were to be cut in lengths not less than 24 or 26 feet. He further testified that plaintiff, instead of complying with his contract, cut the trees into lengths much less than 24 feet, and shipped considerable timber that was pecky throughout, and, therefore, absolutely worthless. He then called plaintiff's attention to the terms of the contract, and plaintiff declining to comply with the contract, he then refused to permit plaintiff to cut and load the remainder of the timber. It will be seen from the foregoing statement that the precise terms of the contract were the principal issue in the case. If the contract was as claimed by plaintiff, then defendant violated the contract and plaintiff is entitled to recover. On the other hand, if the contract was as claimed by defendant, and plaintiff himself refused to comply with the contract, then there can be no recovery.

The court instructed the jury as follows:

"1. The court instructs the jury that it is the undisputed evidence of this case, that the Langstaff-Orm Manufacturing Company purchased a certain lot of cypress logs from one Bradford. It is also the undisputed evidence that plaintiff, Wilford, was to cut and deliver the logs on board cars at Crice's Switch, in Ballard County, at the agreed price of $5.00 per thousand, and if you find from the evidence that said logs were to be measured at the upper end, when the tree was cut, and that said Wilford agreed that he would deliver the trees, after cutting out the hollow butts and all pecky tops, whole or entire, where it could be done, but when said trees could not be delivered whole, then the same was to be cut in lengths not less than 24 or 26 feet, and you further find from the evidence that said Wilford failed to cut and deliver such trees as he agreed to do, but cut them in shorter lengths, then the defendant has the right, as a matter of law, to decline to receive logs so cut and shipped to it by said Wilford, and the law is for the defendant and you should so find.

"2. The court instructs the jury that if you believe

from the evidence that under the contract between plaintiff and defendant that plaintiff was to be paid by defendant $5.00 for moving and loading on cars all the timber sold defendant by J. H. Bradford, you will find in your verdict the amount of the timber so sold the defendant, and you will find for the plaintiff, the profit, if any, that the plaintiff would have made on his contract, which profit is the difference between the costs of carrying out plaintiff's contract and the price to be paid by the defendant.''

Instruction No. 2 is complained of by defendant because it was equivalent to a peremptory instruction in that it authorized a recovery by plaintiff if the jury believed from the evidence that under the contract between plaintiff and defendant plaintiff was to be paid by defendant $5.00 for moving and loading on cars all the timber sold defendant by Bradford, a fact about which there was no dispute whatever. Plaintiff, however, insists that the two instructions must be read together, and when so read are not misleading. In this connection it is argued that the contention of the defendant was fairly presented by instruction No. 1, and that if the jury did not find for defendant under that instruction there was nothing for them to do but to find for plaintiff under instruction No. 2. The difficulty with this contention is that instruction No. 2 is in no way qualified. The jury might have disregarded instruction No. 1 entirely, and found for plaintiff under instruction No. 2 on the ground that no other finding was possible, in view of the fact that they were authorized to make such a finding if they believed that defendant had contracted to pay plaintiff $5 for the services agreed to be performed, a fact which was admitted by both parties. While this court has been very liberal in applying the rule that instructions must be read together and considered as a whole, yet where one of the instructions is manifestly so erroneous that even when considered in connection with other instructions it is calculated to mislead the jury and induce a verdict not authorized by law, it can be regarded in no other light than as prejudicial. This is not a case of a mere failure to give all the law, but is a case where the instructions given are not correct when considered alone or in connection with other instructions. Therefore defendant is not deprived of the right to object by his failure to offer an instruction covering that particular phase of the case.

In remanding this case we deem it proper to call attention to the fact that the measure of damages applicable to the timber not cut and loaded differs from that applicable to the timber that was hauled, cut and loaded. In other words, if the contract was as claimed by plaintiff, and plaintiff complied with this contract in so far as the shipment of 22,600 feet of lumber was concerned, then the measure of damages as to that portion of the timber is the contract price, less the sum paid thereon by defendant. On the other hand, if the contract was as claimed by plaintiff and defendant refused to permit plaintiff to carry out the contract, though plaintiff was ready, willing and able to do so, the measure of damages is the difference between the contract price and the reasonable cost of carrying out the contract. On another trial the court will instruct the jury as follows:

1. It is admitted that the defendant purchased a certain lot of cypress logs from one Bradford, and that it contracted with plaintiff to cut and deliver the logs on board cars at Crice's Switch, in Ballard County, at the agreed price of $5 a thousand. Now, if you believe from the evidence that under the terms of the contract between plaintiff and defendant plaintiff was to cut the trees into logs 24 and 26 feet in length if this could be done, and if this could not be done he was to cut the trees into logs of shorter lengths, and that plaintiff did so haul, cut and load the timber that was actually shipped to defendant, and was ready, willing and able to comply with his contract with reference to the remainder of the timber, and defendant refused to permit him to comply with his contract, then you will find for plaintiff.

2. On the other hand, if you believe from the terms of the contract plaintiff had agreed to deliver whole or entire trees after cutting out the hollow butts and all pecky tops, where this could be done, but if the trees could not be delivered whole they were to be cut in lengths of not less than 24 or 26 feet, and that plaintiff failed or refused to so cut and deliver the timber in question, then you will find for the defendant.

3. If you find for plaintiff you will award him the contract price on the timber actually cut and shipped to defendant, less any sum defendant may have paid thereon. On the remainder of the timber you will award him the difference between the contract price and what it would have reasonably cost plaintiff to carry out the contract.

Judgment reversed and cause remanded for new trial consistent with this opinion.