## Hoefflin v. Wilkerson.

(Decided March 14, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Contracts—Prevention of Performance—Act of Adverse Party— Election of Remedies—Action for Damages—Measure of Damages —Action for Work Performed—Measure of Recovery.—Where plaintiff has performed a contract in part and its further performance has been prevented by the act of the defendant, he may either sue for the breach and recover damages, in which event the

measure of damages is the difference between the contract price and what it would have cost plaintiff to complete the contract, or he may sue and recover compensation for the work actually performed, in which event the measure of his recovery is the reasonable value of such work.

2. Contracts—Prevention of Performance—Act of Adverse Party— Action for Work Performed—Verdict—Evidence—Sufficiency.—In an action by plaintiff to recover for work done under a contract to fill a lot and dig a cistern, where full performance was prevented by the act of the defendant, evidence examined and held sufficient to support a verdict for plaintiff in the sum of $585.90.

B. F. WASHER and FRED FORCHT for appellant.

W. S. HEIDENBERG for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Claiming that he entered into a contract with the defendant to fill defendant's lot and to dig a cistern thereon for the sum of $1,307.00, and that he had performed services under the contract of the value of $1,200.00 when defendant stopped him from work, and that no part thereof had been paid except the sum of $200.00, plaintiff, Walter Wilkerson, brought this suit against the defendant, W. C. Hoefflin, to recover the sum of $1,007.00, the balance due for work performed under the contract. Defendant denied the allegations of the petition, and pleaded that the only contract he had with plaintiff was that plaintiff was to haul the dirt for 65c. per yard, that the amount of dirt hauled by plaintiff was only $300.00, and that he paid to plaintiff and his laborers, and to others, because of the negligent manner in which plaintiff did the work, the sum of $470.55, or $170.55 more than the value of the work performed by plaintiff. He asked that plaintiff's petition be dismissed, and that he recover on his counterclaim the sum of $170.55. The trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $585.90. Defendant appeals.

Plaintiff testified that he was to do the work under the contract for the sum of $1,307.00, while defendant testified that plaintiff was to receive only 65c per yard for the dirt hauled and spread, but the whole amount was not to exceed $1,307.00. Each of these theories was submitted to the jury, who were told, in substance, that if they found the contract to be as claimed by plaintiff, they

should find for him the reasonable value of the work performed under the contract less the sum of $460.55, but if they believed the contract was as claimed by defendant, they should find for the plaintiff at the rate of 65c. per cubic yard for the amount of work done less the $460.55. Other instructions were given which are not material.

It is first insisted that the court did not give the correct measure of damages for the breach of the contract as claimed by plaintiff. In a case like this, where plaintiff has performed the contract in part, and its further performance has been prevented by the act of the defendant, he may either sue for the breach and recover damages, in which event the measure of damages is the difference between the contract price and what it would have cost plaintiff to complete the contract, or he may sue and recover compensation for the work actually performed, in which event the measure of his recovery is the reasonable value of such work. 6 R. C. L., sec. 348, p. 978; 9 Cyc. 688; Langstaff-Orm Mfg. Co. v. Wilford, 160 Ky. 737, 170 S. W. 1; Stearns Lumber Co. v. Inman, 154 Ky. 253, 157 S. W. 23; Foster v. Watson, 16 B. Mon. 387; Runyan, &c. v. Punxsutawney Drilling & Contracting Co., 31 R. 588, 102 S. W. 854. Here, plaintiff elected to sue for the work done under the contract. Hence, the measure of recovery given by the trial court was not erroneous.

It is further insisted that the evidence of the amount of work done by plaintiff was too indefinite to support the verdict. It appears that numerous teams were employed for several days in hauling dirt. Plaintiff says that all the dirt had been hauled; that there remained nothing to do except to level it off; that more than three-fourths of the work had been done, and that the work could have been completed in about a day and a half. Another witness testified that more than two-thirds of the work had been done. While this evidence may be somewhat lacking in certainty, it is sufficient, we think, to sustain the verdict.

Judgment affirmed.