### Ross and Rayner v. Columbus Mining Company.

(Decided September 26, 1924.)

#### Appeal from Perry Circuit Court.

1. Pleading—Pleading Most Strongly Construed Against Pleader.— Pleading must be most strongly construed against pleader.
2. Pleading—Pleading Must be Considered as Whole.—In determining whether petition states cause of action, it must be considered as whole.
3. Frauds, Statute of—Petition Held Not to Show Oral Contract of Year's Services to Commence in Future.—Petition alleging that on

August 16th oral contract was entered into to perform work, and that plaintiffs "were to have complete control of said entry . . for a period of one year from the 16th of August, 1916, until the 16th day of August, 1917," and entered into discharge of their duties on "the —— day of August, 1916," and were to work for a period of "twelve months therefrom," held not to allege oral contract for year's services to commence in future.

4.  Frauds, Statute of—Contract for Year's Services Held Not Within Statute of Frauds.—Contract to perform services from August 16, 1916, until August 16, 1917, entered into on August 16, 1916, was not within statute, and need not be in writing, under Ky. Stats., section 470.

5.  Damages—Contract for Constructing Entry in Mine and Mining Coal Held Not for Personal Services, and Measure of Damages for Breach was Loss of Profit.—Contract to construct entry in mine at certain price per foot and to mine all coal therein at certain amount per ton within twelve months held not one for personal services, and measure of damages for breach of contract was not loss of wages, but reasonable profit that might have been made, and hence efforts to secure other work need not be alleged.

6.  Mines and Minerals—Superintendent of Mine Held to have Apparent authority to Contract for Construction of Entry and Mining of Coal for Definite Period.—Superintendent in charge of mine operated by Illinois corporation had apparent authority as matter of law to contract for construction of mine entry and mining of coal therefrom for definite period of one year.

NAPIER & HELM for appellants.

MORGAN, EVERSOLE & BOWLING for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Reversing.

The appellants, George Ross and J. B. Rayner, as plaintiffs in a joint petition, sought to recover damages from the appellee, Columbus Mining Company, for its breach of an oral contract which they claim it entered into with them.

They allege in their petition "that on the 16th day of August, 1916, they entered into an oral contract with this defendant company . . . to take up and continue to drive a certain entry in the defendant's mine, and pursuant to that (sic) terms of said oral contract the plaintiffs agreed to drive said entry and air courses, and to turn off cross entries, side rooms and dog entries, and to fix up all places, curtain up the air, and repair the track and to do any and . . . work necessarily incident to place said mine in condition so successful mining could be done in said first part of said mine, and to do all the work

preparatory to preparing said mine for successful opera-
tion of all coal in the second part of defendant's mine
. . . and in fact they contracted to do and perform
any and all work necessarily incident to reaching and
mining the coal in the second part of defendant's mine;
. . . they agreed to remove all the coal from the afore-
said entry, cross entries, air courses, side rooms and dog
entries, and place same in cars. . . . They were to
have complete control of said entry, cross entries, side
rooms, dog entries and air courses for a period of one
year from the 16th day of August, 1916, until the 16th day
of August, 1917, . . . and (defendant) agreed and
bound itself to pay these plaintiffs the sum of $0.47 per
ton for all coal removed from said coal mine aforesaid
. . . $3.00 for each lineal yard made in driving said
main entry . . . $0.75 per yard for the air courses
driven in making said entry.

"Now plaintiffs say pursuant to aforesaid contract
they entered into the discharge of their duties on the —
day of August, 1916, and by the terms of said contract
they were to work and labor in said mine for a period of
twelve months therefrom." They further allege "that
they did and performed each and every stipulation, con-
dition and agreement of said oral contract enjoined upon
them by its terms thereof from the date of said contract"
for a period of five months, at which time defendant re-
fused to permit them to continue their work, thereby
breaking the contract to their damage in the sum of
$2,940.00, for which amount they prayed judgment.

Upon the trial at the conclusion of all the evidence
the lower court sustained appellee's motion for a directed
verdict and entered a judgment dismissing the petition,
and from that judgment appellants prosecute this appeal.

The record fails to disclose upon what grounds the
court sustained appellee's motion for a directed verdict,
but it is apparent the court's ruling is based upon one or
more of the grounds argued in brief of appellee's counsel.
It is therein contended that the action of the court was
correct and the peremptory instruction proper, because,
first, the petition failed to state a cause of action and,
second, the evidence showed appellee's superintendent
who contracted with the appellants had no authority to
make such a contract.

The sufficiency of the petition is attacked upon nu-
merous grounds. It is insisted that the contract as al-
leged falls within the inhibition of section 470 of the Ken-

tucky Statutes, commonly known as the statute of frauds, and is therefore unenforceable. That statute provides, in substance, that no action shall be brought to enforce any agreement not in writing which is not to be performed within one year from the making thereof. Appellee argues that since the petition alleges that the oral contract therein declared upon was to run for a period of twelve months from the day it was made, it could not possibly be performed "within one year from the making thereof" and was therefore within the statute and unenforceable. It is further argued that under the rule of construction that a pleading is to be construed most strongly against the pleader, the allegation that appellants "entered into the discharge of their duties on the — day of August, 1916, and by the terms of said contract they were to work and labor in said mine for a period of twelve months therefrom," must be construed as an allegation of an oral contract for a year's services to commence in the future and therefore within the statute of frauds.

We find no merit in either of these contentions. While it is true we have universally held that a pleading must be most strongly construed against the pleader, we have also held that it must be considered as a whole, and when the petition in this action is so construed it is not susceptible of the strained construction placed upon it by appellee's counsel. It is unnecessarily prolix and therefore confusing, but though unartfully drawn it definitely alleges "that on the 16th day of August, 1916, they entered into an oral contract," that they were to perform certain work and that "they were to have complete control of said entry . . . for a period of one year from the 16th day of August, 1916, until the 16th day of August, 1917;" that "they entered into the discharge of their duties on the — day of August, 1916, and by the terms of said contract they were to work and labor in said mine for a period of twelve months therefrom;" and that "they did and performed each and every stipulation, condition and agreement of said oral contract enjoined upon them by its terms thereof from the date of said contract" until its breach by appellee.

It will be noted that in the next to the concluding phrase just quoted the petition charges that appellants started work on, and the contract was to run twelve months from, "the — day of August, 1916." Counsel contend that when this is construed most strongly against the pleader the blank day of August must be held to mean

a day in August later than the 16th, the date of the contract, and that therefore the contract was to commence in the future, and being oral and for a year it was within the statute of frauds and unenforceable. This argument might be sound if the petition contained no other allegations on the subject, or if there were any doubt as to the date omitted, but neither condition exists here. We might add that the uncontradicted evidence also shows that appellants commenced work under the contract on the day it was entered into. However, the extracts from the petition which we have previously copied herein show beyond cavil that the term of the contract was exactly one year, commencing the day it was made, to-wit, August 16, 1916, and ending August 16, 1917. This being true, it was not required to be in writing and was not within the inhibition of the statute of frauds, for, as stated in 25 R. C. L. 453:

> "If the contract period commences running immediately on the making of the contract and is to extend for a year and no longer, it is not within the statute."

The same principle is thus stated in 27 C. J. 186:

> "An oral contract of employment for a year to begin on the day the contract is made . . . is not within the statute. So if the contract is made orally for one year to begin *in praesenti*, although no services are to be performed by the employee until a future day, the contract is operative from the day of the making and is not within the statute."

Appellee further alleges that no recovery could be had under the petition because it failed to allege that appellants had made reasonable but unsuccessful efforts to secure other work after the breach of the contract. This argument is based upon the erroneous assumption that the contract was one for personal service under which it may be conceded no recovery can be had in the absence of such an allegation. However, we have held in numerous decisions that contracts similar to the one involved in the present action are not for personal service but for a definite undertaking and that the measure of damages is not the loss of wages but the reasonable profit the aggrieved party might have made had the contract not been breached. R. Burleigh & Sons v. Overton, 173 Ky. 70, 190 S. W. 472; Stearns Lumber Co. v. Inman, 154 Ky. 251, 157 S. W. 23; Harness, et al. v. Ky. Fluor Spar Co., 149

Ky. 65, 147 S. W. 934; Ann. Cas. 1914A 803; Sagamore Coal Co. v. Clark, 33 Ky. L. R. 137, 109 S. W. 351.

Appellee earnestly insists that the court properly sustained its motion for a peremptory instruction because the evidence not only failed to show but conclusively disproved that its superintendent, with whom appellant contracted, had authority to mak a contract for a fixed or definite period of time. The only material dispute between the parties as to the terms of the contract is as to whether it was for a definite period, to-wit, a year, as appellants contend, or for an indefinite period, terminable at the will of either party, as appellee contends. That issue should have been submitted to the jury unless the contract, as claimed by appellee, was such as appellee's superintendent had neither express nor implied authority to make. That he did not have express authority is undisputed; whether he had implied or apparent authority must be determined from the facts, circumstances and conditions as shown by the evidence.

Appellee is an Illinois corporation, with its headquarters and chief office in the city of Chicago. It operates coal mines at four different places in Kentucky and each mine is in charge of a superintendent. Walter Stevens was the superintendent in charge of its mine at Christopher, Kentucky, and it was with him that appellants contracted. It was shown that he was the chief officer and general manager at the mine, that he had charge of its affairs and control of its operations and had full authority to, and did, employ all miners and other employees. Testifying for appellee, Stevens himself stated: "My duties were to supervise the operation of the mines, and I had authority to hire the men necessary to successfully work the mine, but I had no authority to make any special agreement or contracts with the men." "I had no authority to employ men to load coal at other than the fixed rate per ton. I, of course, had authority to hire men to do work other than loading coal." It was further shown that he was authorized or at least accustomed to enter into contracts similar to the one in question, but there was no evidence that he had ever entered into any for a fixed or definite period. However, as superintendent on the ground and in active and full charge of the mine he was, in fact, the company itself and clearly had implied authority to do all things reasonably necessary and customary to accomplish the purpose for which he was placed in charge of the mine by his absent superiors, that is, to get out the coal.

Under all the circumstances we think it manifest, as a matter of law, that in contracting with appellants, whether for a definite period or not, he was acting within the apparent scope of his authority; that appellants had a right to rely thereon in the absence of notice to the contrary, and that appellee is liable for whatever contract he may have made with them. It follows, therefore, that the court erred in sustaining appellee's motion for a peremptory instruction. Wherefore the judgment is reversed for proceedings consistent herewith.

Judgment reversed.