## Evans v. Barbourville Brick Company.

(Decided November 14, 1924.)

### Appeal from Bell Circuit Court.

1. Appeal and Error—Erroneous Rulings on Evidence Relative to Counterclaim Not Reversible where Counterclaim is Not Maintainable.—Erroneous rulings admitting and excluding evidence, with respect to counterclaim, are not reversible where counterclaim is not maintainable.

2. Sales—Buyer Failing to Pay for Bricks as Shipped Held to have Breached Contract.—Where buyer agreed to pay for bricks as shipped, his refusal to pay for each shipment within a reasonable time after its receipt was a breach of the contract.

3. Sales—Buyer's Failure to Pay for Each Shipment as Received Justified Discontinuance of Shipments, and Recovery for those Made.—Buyer's breach of contract to pay for each shipment of bricks, within a reasonable time after its receipt, justified seller's refusal to make further shipments, and entitled him to recover for shipments made.

4. Appeal and Error—Seller's Recovery on Contract, Instead of Quantum Meruit, Not Prejudicial where Contract Price Less than Market Value.—Seller's recovery on contract breached by buyer, instead of on quantum meruit, held not prejudicial where the contract price was considerably less than the then market value.

5. Sales—Seller of Bricks Held Entitled to Recover Contract Price for Each Shipment as Made.—Where plaintiff agreed to sell 150,-000 bricks to defendant, who agreed to pay for each shipment within a reasonable time after its receipt, defendant's breach entitled plaintiff to recover contract price for each shipment as made, as on a divisible contract, instead of recovering on quantum meruit.

JAMES H. JEFFRIES and CHARLES A. WOOD for appellant.

W. W. POINTS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee and plaintiff below, Barbourville Brick Company, a corporation, engaged in the manufacture of brick in Barbourville, Kentucky, sued the appellant and defendant below, W. K. Evans, to recover the balance of an account alleged to be due plaintiff from defendant for brick furnished the latter amounting to $912.50. The answer was a denial and a counterclaim set up in the second paragraph, which latter was denied, and upon trial before a jury it returned a verdict in favor of plaintiff for the full amount sued for, upon which judgment was rendered, and defendant's motion for a new trial having been overruled, he prosecutes this appeal. Only three grounds are relied on in the motion for a new trial, which are, (1), error of the court in admitting and rejecting evidence; (2), verdict is not sustained by sufficient evidence and is flagrantly against it, and (3), error of the court in giving to the jury instruction number 3, no other instruction being complained of.

Answering ground (1), there was no material evidence offered or admitted, to which objection or exceptions were made, pointed out to us, that was the least sufficient to sustain that ground. Some few, and what we conceive to be immaterial, objections relating to the introduction of evidence occurred at and during the trial, but such evidence was directed to defendant's alleged counterclaim, which the jury did not allow for any amount and which we think it was fully authorized in so doing, as will hereinafter appear. So that, even if the

rulings of the court complained of could be considered as prejudicial error respecting the items recoverable under the counterclaim could not affect the rights of defendant, if under the facts he was not entitled to maintain any counterclaim, and which we think was and is true. We will, therefore, not consume time nor space in specifying or discussing the alleged errors in the particular respects referred to, since, whether meritorious or not, they can have no effect upon the results of the trial as reached by the jury.

The disposition of ground (2), requires a brief statement of the facts, which, as admitted and abundantly proven, are: That defendant purchased of plaintiff by oral contract 150,000 bricks with which to construct a business house in Middlesboro. Plaintiff's testimony was that the brick was to be paid for by the car load as shipped; while defendant claims that nothing was said upon that subject at the time the contract was made. However, on the invoice of each carload as it was shipped, a prompt remittance was requested, and that request was complied with in the shipment of the first two cars, amounting to about 26,000 bricks. After that plaintiff continued to make shipments with similar requests on the invoices of each car until it shipped about 66,000 more bricks, none of which did defendant pay for. Plaintiff then drew its draft upon him and sent it to a bank in Middlesboro, and it was returned "no attention paid." Plaintiff thereupon placed its account in the hands of an attorney, who made frequent requests over the telephone that the account be paid; but, before the account was placed in the hands of an attorney, plaintiff had notified defendant that it would do so if payment was not made within the next ten days, and it not having been done the account was given to the attorney. As a result of the attorney's request for payment, defendant sent plaintiff his check but afterwards countermanded its payment, and plaintiff has never received payment of any part of the entire amount of brick shipped except for the first two cars, amounting, as we have said, to about 26,000 bricks. No excuse was given by defendant why he did not pay for the remaining bricks as the shipments were made, although the invoices, as we have seen, contained a request for him to do so, but he justified his countermanding the payment of his check upon the ground that he had heard that plaintiff did not intend to ship him any more brick, although there were

58,000 short of the amount purchased under the contract, and his counsel urges such refusal as a breach of the contract on the part of plaintiff, and because of which defendant may not only justify his refusal to pay the check, but also defend against the recovery of a judgment against him, and, in addition, maintain a counterclaim based on the refusal of plaintiff to ship the entire amount of brick contracted for. We do not construe the rights of the parties under the evidence in that way. Assuming, as we think is proven, that it was contemplated by the contract that the bricks should be paid for as shipped, defendant breached the contract when he refused to pay for each shipment within a reasonable time after it was received, and that breach, as we construe the law, authorized plaintiff to refuse to further fulfill the contract and to recover for the portion of it which it had executed. Nearly four months had elapsed from the date of the shipment of some of the bricks not paid for before plaintiff placed its account in the hands of an attorney, which, as we have seen, was not done until defendant was duly notified of the consequences of his nonpayment and, we repeat, plaintiff was justified in refusing to ship any more bricks and also had the right to recover for the balance due it for shipments already made in fulfilment of the contract, although, perhaps, the measure of recovery might not be in some instances upon the price fixed in the contract but under an *indebitatus assumpsit*. 9 Cyc. 688; Johnson v. Tackett, 173 Ky. 406; Hoefflin v. Wilkerson, 184 Ky. 484, and cases and authorities referred to in those opinions. But, whether the contract price or the value under a *quantum meruit* be the correct criterion of recovery, defendant was not prejudiced in this case because the contract price for the bricks was considerably less than the then market value. However, we rather think that the contract in this case was by its terms sufficiently divisible to entitle plaintiff to recover the contract price for each shipment as it was made, since the value of that shipment would then become fixed at the contract price and could not be reduced or otherwise affected except for subsequent blamable conduct on the part of the plaintiff in refusing to carry out the entire contract so as to entitle defendant to some right of recoupment for damages growing out of plaintiff's wrongful breach. There was no such breach on the part of plaintiff in this case and we are inclined to the belief that it was entitled to re-

cover the contract price for the amount of bricks it had actually shipped.

We have carefully examined instruction number 3 complained of in ground (3), and can detect no fault in it. It concisely and aptly submitted plaintiff's theory of the case to the effect that if defendant, as a part of the contract or purchase, agreed to pay for the bricks when called upon or to honor sight drafts when drawn on him for shipments already made, and that he failed and refused to do so "then plaintiff had the right to refuse to ship the remainder of the brick purchased under said contract," etc., which, as we have seen, conforms to a well established principle in the law of contracts and there was no error in such submission.

Being unable to find any error prejudicial to defendant's substantial rights, the judgment is affirmed.