## Elkhorn Coal Corporation v. Case.

(Decided December 18, 1925.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—No Question of Ruling on Demurrer can be Raised in Supreme Court Until Matter has been Ruled on by Circuit Court.—Where record shows that case was submitted upon demurrer, but does not show that trial court ever ruled upon it or was called on to do so, no question can be raised on it in Supreme Court until matter has been ruled on by circuit court.

2. Appeal and Error—Testimony Relating to Transaction with One who was Deceased should have been Excluded.—It was error to fail to sustain motion to exclude testimony from jury so far as related to transactions with deceased person, and such error was prejudicial notwithstanding that another witness also testified to making of contract by deceased, as Supreme Court cannot tell how much weight jury gave to testimony of each.

3. Mines and Minerals—Question Whether Mine Superintendent had Authority to Make Contract for Props Held for Jury.—Question whether contract for making mine props, made by mine superintendent, was within apparent scope of his authority should have been submitted to jury.

4. Mines and Minerals—Petition for Damages for Breach of Contract for Furnishing of Mine Props Held Insufficient to Warrant Judgment.—Petition for damages for breach of contract for making of mine props, which does not show length of props or how much contract price would have amounted to, held insufficient to warrant judgment thereon.

O'REAR, FOWLER & WALLACE, J. WOODFORD HOWARD, B. M. JAMES and E. W. PENDLETON for appellant.

A. J. MAY and SMITH & COMBS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Emory Case brought this suit against the Elkhorn Coal Corporation. He alleged in his petition that in the year 1921, the defendant employed him to make 9,000 mine props, for which it agreed to pay him at the rate of three cents per lineal foot, the timber for making same to be furnished by the defendant; that he entered upon the performance of the contract and had made several hundred of the mine props when the defendant broke the contract and repudiated it, and that his reasonable profits would have been a thousand dollars, for which he prayed judgment. The defendant filed a general demurrer to the petition and also to its answer denying the allegations of the petition. The case was heard before a jury, who returned a verdict for the plaintiff for $450.00. The defendant appeals.

It is insisted that the petition is insufficient and that the demurrer should have been sustained. But although the record shows that the case was submitted upon the demurrer it does not show that the court ever ruled upon it or was called on to do so, and until this matter is ruled on by the circuit court no question can be raised here on it.

It appears from the proof that the contract claimed by Case was made between him and a man named Conway, who was superintendent of the mine. The defendant objected to the evidence of Case on the ground that Conway being dead he was not competent to testify as to any transaction between him and Conway. The objection

to the testimony of this witness and a motion to exclude his testimony from the jury, so far as it related to transactions with Conway, who is dead, should have been sustained. It is insisted that the error was not prejudicial for the reason that Case's son, Jim Case, also testified to the making of the contract by Conway. But we cannot tell how much weight the jury gave to the testimony of Emory Case or how little they would have given to the testimony of Jim Case if it stood alone. Beside, Emory Case alone testified as to the breach of the contract which was essential to be shown to make out the cause of action.

The defendant introduced proof tending to show that the mine superintendent, Conway, was without authority to make the contract sued on. In Ross v. Columbus Mining Co., 204 Ky. 474, it was held that such a contract was within the authority of the mine superintendent in that case, but in that action it was shown that he was the chief officer and general manager of the mine; that he had charge of its affairs and control of its operation and had full authority and did employ all miners and other employes. There was no such proof in this case, and the question whether the contract, if made by Conway, was within the apparent scope of his authority should have been submitted to the jury.

A mine superintendent presumably superintends the mine and a contract for mine props may be presumed to be within the scope of his authority. So proof that Conway was superintendent of the mine, nothing else appearing, was sufficient to take the case to the jury. But if he is dead Emory Case cannot testify for himself as to anything that Conway said or did.

If on another trial the fact that Conway is dead is not conceded, the defendant should show this on the objection to the testimony of Emory Case.

The petition does not show the length of the props or how much the contract price at $1.00 a foot would have amounted to; and so the facts stated in the petition are not sufficient to show that it was as much as $450.00, or to warrant a judgment for that amount; but on the return of the case the plaintiff will be allowed to amend his petition.

Appeal granted and judgment reversed and cause remanded for a new trial.