## Swain et al. v. Harmount & Woolf Tie Company.

(Decided December 14, 1928.)

### Appeal from Whitley Circuit Court.

1. Logs and Logging.—Contract to cut timber from prescribed boundary held not contract for personal services so as to preclude contractors from employing assistants in the performance of contract.

2. Frauds, Statute of.—Where it was capable to perform contract to cut timber from prescribed boundaries within year by employing assistants, the contract was not required to be in writing.

3. Logs and Logging.—Whether splinter pulling of seven trees, of which only four were of appreciable size, where total of 350,000 feet of timber had been cut at time contractors cutting timber were stopped from further cutting, showed work was not in workmanlike manner, held for jury, in action for defendant's breach of contract by stopping plaintiffs from further cutting of trees.

4. Logs and Logging.—Where evidence tended to show that contractors, cutting timber, could have made certain profit per thousand feet on contract had they not been stopped before completing contract by other parties to agreement, held there was evidence to go to jury on point of what profit they could have made had they been allowed to complete.

5. Pleading.—Defendant to action for breach of contract, under which plaintiffs were to cut certain timber from prescribed boundary, held precluded from showing plaintiffs voluntarily quit work, being bound by their answer alleging it dismissed plaintiffs because of negligent performance of contract.

STEPHENS & STEELY for appellants.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellants, plaintiffs below, brought this suit against the appellee for a claimed breach of a contract under which the appellants were to cut a certain area of timber for the appellee. At the close of the introduction of evidence for the appellants, the trial court peremptorily instructed the jury to return a verdict for the appellee, and from the judgment entered on that verdict this appeal is prosecuted.

We are not clear as to just upon what ground the lower court based its action, but we are of opinion that none of the reasons urged by the appellee on this appeal in support of that action can be sustained. It is first suggested that the peremptory instruction was proper because the pleadings made an issue as to all of the terms of the contract sued upon, except the price for the cutting of the timber, and the appellants failed to establish a single term of that contract or any breach of it. We do not so read the record. It is true that the petition of the plaintiffs is rather vague and indefinite about the terms of the contract, but this much appears: The appellants

and the appellee entered into a contract whereby the appellants were to cut all the merchantable timber from a certain tract of land containing more than 2,000,000 feet, and the appellee was to pay the appellants for the cutting of this timber $2 per thousand feet log measurement. The petition further states that the appellants entered upon the discharge of their obligations under the contract, and had cut by themselves and with the aid of employees a great quantity of timber, all of which had been paid for, except about 150,000 feet, for which there was due them a balance of $150, and that, without any fault on their part, the appellee had forbidden them to cut any more timber, and had employed others to do so.

The petition also stated that, had they been allowed to complete their contract, the appellants could have made a clear profit of $1 per thousand feet of timber cut.

The appellee made no motion to require this petition to be made more definite and certain by setting out how the timber was to be measured and when the payments were to be made. It contented itself with filing an answer, the substance of which, fairly construed, did not deny that there was a contract existing between the appellants and the appellee, but only that the boundary to be cut contained 2,000,000 feet of timber or any more than 1,600,000 feet; that it had breached the contract; that the appellants would have made a clear profit of $1 per thousand feet had they been allowed to complete the contract; and that there was due the appellants for lumber which they had cut and which had not been paid for any sum in excess of $143.54. This answer also affirmatively averred, first, that the contract sued upon was a verbal one, and that it was not to be performed within a year from its making, for which reason it fell within the inhibition of the statutes of fraud, and, secondly, that the contract provided that the cutting of the timber should be done in a workmanlike manner, and should continue only so long as the appellants gave satisfaction, and that the appellants had split the timber, had not trimmed off the spurs from the timber, and had splinter pulled the timber, for which reasons it was the appellants who had breached the contract, and the appellee was thereby compelled to, and did, discharge the appellants.

In turn the appellants averred that the contract was one which could have been performed by them within one year of its making, and denied that they had not per-

formed the contract in a workmanlike manner, or had split or splinter pulled any timber, or that they had not trimmed the spurs off from the timber which they did cut. From this brief resume of the pleadings, it will be seen that the existence of the contract and the details of its terms were not put in issue by the appellee, and that the only issues presented to the court for trial were, first, whether the contract was one which the statute required to be in writing or not; secondly, whether the appellants first breached the contract by their failure to do the work in a workmanlike manner, or not; and, thirdly, what damages did the appellants sustain if they were entitled to recover at all. It follows that the appellants were not required to introduce any proof except on the issues as thus presented.

On the question of the statute of frauds, the appellants testified that they could have hired enough men to assist them in the cutting of this timber so as to have completed the job well within 12 months from the time the contract was made. Appellee seems to have the theory that the contract was one for personal services, and hence appellants were not authorized to employ help. However, the contract was simply one to cut the timber from a described boundary, and, under the authorities, it clearly was not a contract for personal services. Ross v. Columbus Mining Co., 204 Ky. 474, 264 S. W. 1071, and authorities therein cited. Hence the appellants were not precluded from employing assistants in the performance of this contract as they actually did without any complaint on the part of the appellee. Although it may be true that it would have been impossible for the appellants alone to have cut this boundary within the 12 months from the date of the contract, yet, as they were not precluded from employing help in their work to any extent they desired, it follows that, as the contract might have been performed within the year, it was such a one as was not required to be in writing. Woods v. Constantine, 217 Ky. 195, 289 S. W. 282.

As to the evidence how this work was performed, that for the appellants shows that it was done in a workmanlike manner. Before they were stopped in the cutting of this timber they had cut some 350,000 feet, and their evidence shows that out of this amount only seven trees were splinter pulled, and of these seven trees only about four were of any appreciable size. Their evidence

further shows that even a most careful hewer of trees will at times, on account of the lay of the land and of the fall of the tree, have a splinter pulled tree now and then. At least it was for the jury to say whether or not this small amount of splinter pulled trees out of the thousands of feet of timber cut was such as to require the conclusion that the appellants were not doing their work in a workmanlike manner.

The evidence for the appellants tends to show that they could have made $1 a thousand feet profit on this contract, and hence there was evidence to go to the jury on the point of what profit they could have made had they been allowed to complete the contract.

Some contention is made by the appellee that the evidence shows that the appellants voluntarily quit the work themselves, and hence there was no breach of the contract on the part of the appellee. Although it is doubtful whether the evidence of the appellants, when fairly read, substantiates this claim of the apellee, yet beyond this it must be remembered that the appellee did not rely in its pleadings on a mutual rescission of this contract, but affirmatively averred in the third paragraph of its answer that it did discharge the appellants, and did so because of the negligent way in which they were performing their work under the contract. The appellee is bound by the issues as made in its pleadings.

From what we have said it thus appears that there was no ground on which the court should have sustained the motion of the appellee for the peremptory instruction, and its judgment must be reversed.

It will be unnecessary to consider the effect of the court's ruling on the admission by the appellee of its indebtedness to the appellants in the sum of $143.54, but, in order that this matter may be cleared away on the return of this case, the court will, if the appellants so move and the pleadings are not amended so as to change the issue in this regard, enter a judgment for the appellants in the sum of $143.54, being the uncontroverted part of appellants' claim, and proceed to try out the rest of the case on the issues as they now are or may hereafter be presented.