## Harmount & Wolff Tie Company v. Swain et al.

(Decided January 31, 1930.)

TYE, SILER, GILLIS & SILER for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE GRISBY—Reversing.

The appellees below brought this suit against the appellant for a claimed breach of a contract under which the appellees were to cut a certain area of timber for the appellant. On the first trial of the case the trial court at the conclusion of the introduction of the evidence for plaintiffs peremptorily instructed the jury to return a verdict for the defendant. The plaintiffs appealed, and the case was reversed by this court. The opinion will be found in 226 Ky. 823, 11 S. W. (2d) 940.

On the second trial of the case in the Whitley circuit court, the defendant filed an amended answer which is as follows:

"The defendant, the Harmount & Woolf Tie Company, for amendment to its answer herein, says that the statement contained in its original answer that the defendant discharged the plaintiffs from

the work of cutting timber was and is a mistake, and same is hereby withdrawn; defendant says that when it complained to the plaintiffs, that they were not properly doing their work, according to contract, and were spoiling timber by their neglect and improper methods, the plaintiffs voluntarily quit work and abandoned their contract, and failed to cut any more timber, and the contract mentioned in the pleadings was mutually rescinded at the time plaintiffs ceased to cut timber.

"Wherefore defendant prays as in its answer, and for all proper relief."

On the issues thus formed the jury returned a verdict in favor of plaintiffs for $800, on which judgment was entered. From this judgment defendant appeals. It is contended by appellant in brief that the court erred in excluding evidence of cost of completing the contract. It appears from the evidence that Green Snowden cut the timber remaining on the tract of land which plaintiffs under their contract claimed the right to cut, and the trial court refused to permit Snowden to testify as to whether or not he made money in finishing the contract. We are of opinion that the trial court was correct on this question. It is common knowledge that one man may take a job and make money out of it, and another take the same kind of a job and lose money. This depends largely on the particular job and how it was managed.

The next ground urged by appellant for reversal of this case is that the instructions given are erroneous. The amended answer says: "That when it complained to the plaintiffs that they were not properly doing their work according to contract and were spoiling timber by their negligent and improper methods, the plaintiffs voluntarily quit the work and abandoned their contract and failed to cut any more timber." The court did not instruct on this theory of the case. In view of the fact that there is some evidence tending to support defendant's contention that plaintiffs voluntarily quit their work and abandoned their contract, we are of opinion that the court erred in not submitting this issue to the jury, and for that reason this judgment must be reversed. It is further urged that the verdict is excessive, but in view of the fact that this case will necessarily be tried again, we need not discuss that point.

The judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.