Joan M. DIETERLE, Executrix u/w
Thomas M. Dieterle, Deceased,
Plaintiff-Appellant,

v.

C. M. (Bill) GATTON, Eldred Neubauer,
William R. Jagoe, III, Wells T. Lovett,
and Frank Hartz, Defendants-Appellees.

No. 18062.

United States Court of Appeals
Sixth Circuit.

June 28, 1968.

Thomas E. Sandidge, Sandidge &
Sandidge, Owensboro, Ky., for appellant.

David C. Brodie, Owensboro, Ky., for
appellees.

Before EDWARDS, McCREE and
COMBS, Circuit Judges.

PER CURIAM.

This is the second appeal in the controversy under consideration. In the prior opinion, reported in 366 F.2d 386 (1966), we considered the appeal of plaintiff-appellant's decedent, a business consultant, who had sued defendant-appellees, bank promoters, for breach of contract for services rendered in obtaining preliminary approval of a charter for a new national bank in Owensboro, Kentucky. It appeared that the bank was never organized because the promoters abandoned their original purpose and instead bought the controlling interest in an existing state bank.

The District Court in that lawsuit rendered judgment for defendants, finding that it was the understanding of the parties on the express contract that the consultant, who had incurred expenses and had rendered services resulting in preliminary approval, was not to receive compensation until the proposed bank was opened and that he would then receive payment from the new bank.

The District Court did not rule on the count sounding in *quantum meruit* and, on appeal, the judgment was vacated and the case remanded with instructions to the District Judge to find whether it was the understanding of the parties that the consultant was to receive compensation for his services and expenses despite the fact that the original purpose of the promoters was abandoned after the rendition by the consultant of beneficial services.

On remand and without taking further testimony, the District Court found and concluded as follows:

"The parties agreed that the plaintiff was not to receive compensation for his services and expenses unless and until the new bank was opened and in operation. * * *

The bank never opened and, in accordance with the agreement between the parties, the plaintiff was not entitled to compensation for his services and expenses."

It then entered judgment for defendants.

On a review of all the evidence, it appears that the findings of the District Court were not clearly erroneous and the judgment is affirmed. Rule 52(a), F.R. Civ.P.